<hr />

## HUBERT BREIER, EXECUTOR,
### v.
## NICHOLAS WEIER.

*Administration—Gift* in Præsenti—*Evidence.*

1. The holder of a note duly indorsed, is legally presumed to be the owner thereof.
2. In an action involving the question as to whether a certain note was delivered by a mother to her son as a gift *in præsenti*, this court, in view of the evidence, declines to interfere with a decree in the affirmative.

[Opinion filed July 2, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. .LORIN C. COLLINS, Judge, presiding.

Mr. D. BLACKMAN, for appellant.

Breier v. Weier.

Mr. J. McKENZIE CLELAND, for appellee.

GARY, J.    May 24, 1886, one Joseph Frank made his promissory note to Catherine Breier, the then wife of the appellant, of whose will he is executor, for $880, payable one year after date with six per cent interest.

The appellant and his wife had been living with Frank for a short time before the note was made, but immediately thereafter went to the house of their son Sebastian, and lived with him a year or more.   The old couple had had some trouble with each other, and within a few weeks of their removal to the house of Sebastian she made her will, a Mr. Warner writing it for her, under her instructions.

It is clear that then she desired that her other sons should have her real estate, and that Sebastian should have all her personal property.    She then signed an indorsement of this note to Sebastian and by stipulations between the parties, the only question in the case is whether it was then delivered to him as a gift *in præsenti*.    There is a great mass of confused testimony from ignorant witnesses, much of it mere neighborhood gossip, but whatever uncertainty there is as to many particulars, it is quite clear that the testatrix then intended that Sebastian should, either at once have the note as his own property, or the avails of it at her death.    It is not probable, in view of the evidence, that to her mind there was any such distinction.    Whether the note was then delivered to him, or taken from her possession by fraud, is the subject of conflicting evidence.    The latter hypothesis involves a crime.    The legal presumption of innocence is against it.    1 Taylor on Ev. 133.    Being in his possession under an indorsement to him Sebastian is presumed to be the owner of the note.    Farwell v. Meyer, 35 Ill. 40; Burnap v. Cook, 30 Ill. 168.    These cases show that if the indorsement was in blank, the presumption would be the same.    It would be useless to collate at length the mass of testimony for the mere purpose of showing that, as a result, it can not be fairly said that the Circuit Court arrived at a wrong conclusion from it.    The decree must be affirmed.

*Decree affirmed.*