### George M. Stein v. Augusta Stein.

1. RATIFICATION—*Of Void Marriage Ceremony.*—Where a man married a woman with knowledge that she had a husband by a previous marriage, then living, and continued to live with her for more than seven years after she procured a divorce from such former husband, *it was held* that his conduct in so living with her must be taken as a ratification of the marriage ceremony.

2. PRESUMPTIONS—*Where That of Innocence Prevails.*—Where it was shown in the defense to a suit for separate maintenance that the wife had a husband living, in the absence of proof that he was living at the time of her marriage to the defendant, the presumption of the wife's innocence will prevail, over the presumption of the continued existence of the former husband.

Bill, for separate maintenance. Appeal from Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 5, 1896.

### STATEMENT OF THE CASE.

Appellee married Alexander Salmansohn May 6, 1883, in New York. He deserted her nine months later, and she has not seen him since.

Appellee filed her bill for divorce from Salmansohn March 25, 1887, and a decree was entered by the Circuit Court of Cook County, granting such divorce June 2, 1887. On April 2, 1887, the ceremony of marriage of the parties to this cause was performed by the Rev. Doctor J. L. Withrow. This marriage, appellee testifies, was entered into by appellant with full knowledge of the previous marriage. This he denies.

Appellant testifies that a copy of the decree of divorce from Salmansohn was handed him by appellee on June 2, 1887. He continued to live with appellee, apparently as her husband, for more than seven years afterward, holding her out to the world as his lawful wife.

Appellant recognized himself as the father of a child born as the fruit of such union. Notwithstanding this, he brought suit against her, insisting that he had never been her husband, and wished a decree of court establishing such fact. She then asked for decree for separate maintenance.

W. S. ELLIOTT, JR., attorney for the appellant.

ALBERT C. WENBAN, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

We are of the opinion that the chancellor was right in concluding that from and after the performance of the ceremony of marriage of the parties to this suit, and the entry of the decree of divorce of appellee from Salmansohn, the intercourse between appellant and appellee was not meretricious. Appellee was then a marriageable woman,

and however invalid the previous undertaking between appellant and appellee may have originally been, appellant's conduct in continuing for seven years thereafter to live with and hold her out to the world as his wife, must be taken as a ratification of the marriage ceremony, performed with all solemnity by the Rev. Doctor Withrow. Post v. Post, 70 Ill. 484.

It is not shown that Salmansohn was living April 2, 1887. In the absence of proof of this, the presumption of appellee's innocence prevails over the presumption of the existence of the former husband. Breier v. Weier, 33 Ill. App. 386; Johnson v. Johnson, 114 Ill. 611.

Under the circumstances the court was justified in awarding to appellee a decree for separate maintenance.

The decree of the Circuit Court is affirmed.