In re Estate of Frank Braje, Deceased.
In re Petition of V. M. Vukmirovich, Appellant, v.
Mary Braje et al., Appellees.

Gen. No. 39,987.

Opinion filed March 21, 1938.

Nelson, Slater & Boodell, of Chicago, for appellant; Drennan J. Slater and Louis A. McLean, of Chicago, of counsel.

Jarecki & Brautigam, of Chicago, for appellee Mary Braje; James J. Mejda, of Chicago, of counsel.

Ross & Berchem, of Chicago, for certain appellee.

Mr. Justice McSurely delivered the opinion of the court.

This case involves the heirship in the estate of Frank Braje, who died intestate in Chicago, September 20, 1933; October 6, 1933, Mary Braje petitioned for letters of administration, alleging that she as the widow of deceased, and her child Mirko, a minor, were the sole heirs; letters were issued to her, the Massachusetts Bonding and Insurance Company was surety on her bond, and a guardian *ad litem* was appointed for the minor child.

April 26, 1935, the administratrix filed her final account, which was approved and she was discharged.

December 23, 1936, the instant petition was filed in the probate court by Vukmirovich, Royal Jugoslav Consul General, alleging that Mary Braje had never been legally married to Frank Braje nor the child adopted, and that the sole legal heirs were a brother Nicholas Braje and two sisters, Alojzia Braje Kurtalj and Frances Braje Slugecic, both residing in Jugoslavia. The petition further alleged that it was filed by the petitioner as attorney in fact on behalf of Alojzia Braje Kurtalj; that he first learned in February, 1936, that Mary Braje had been appointed administratrix by reason of the fraudulent heirship; that Mary Braje's claim of being the widow of deceased is based on a purported marriage at Millvale, Pa., on January 27, 1914; that this marriage is void because Frank Braje, under the name of Frank Brayin, had

married Clara Deckelman in Chicago on December 3, 1908, and that Frank and Clara were still married to each other at the time of the marriage ceremony of Frank and Mary on January 27, 1914; that Clara Deckelman Braje died May 7, 1923.

The petition prayed for the vacation of the order approving the final account, that the estate be re-opened, a new heirship taken and a new administrator appointed. Mary Braje filed a motion to strike the petition. The probate court ordered the petition dismissed on the ground that the administratrix had been discharged, the estate closed and that the court no longer had jurisdiction.

The petitioner prayed an appeal to the circuit court; that court overruled the motions to strike the petition and ordered that answers be filed, which was done; also, that all parties in interest be notified, including Frances Braje Slugecic, sister of deceased, and Nicholas Braje. The case proceeded to hearing, and after evidence the circuit court found that the order of the Probate court dismissing the petition was proper and it was confirmed and the petition of Vukmirovich ordered dismissed. Petitioner appeals to this court.

It seems to be conceded that Mary Braje was party to a marriage ceremony with Frank Braje in Millvale, Pa., on January 27, 1914, and that a male child was born of this marriage who bears the name Mirko Braje.

Most of the testimony is concerned with the identity of the man who was married to Clara Deckelman in 1908. In the license for this marriage the man's name is given as "Brayin." In 1915 Clara procured a divorce in Chicago from a man named 'Bryin." In the affidavit for the license to marry Mary on January 27, 1914, Frank Braje swore that he had never been married before. It is also in evidence that in 1920 a Clara Deckelman signed an application to marry one Gura-

tich in which she stated that she had never married before. There is sufficient evidence to suggest a confusion of Frank Braje, deceased, with another man of a similar name.

It is well settled that where a marriage ceremony has been performed and the parties have lived together as husband and wife, bearing children, the presumption is that the marriage was valid and the children legitimate, and, as was said in *In re Estate of Panico,* 268 Ill. App. 585, 590, "the presumption is not overcome by mere proof of a prior marriage and that one of the parties thereto had not obtained a divorce, because the other party to such prior marriage may have obtained such divorce, thus terminating the marriage." Other cases supporting this rule are *Illinois Land & Loan Co. v. Bonner,* 75 Ill. 315, 319; *Metheny v. Bohn,* 160 Ill. 263; *Manning v. Spurck,* 199 Ill. 447; *Schmisseur v. Beatrie,* 147 Ill. 210, 215; *Stein v. Stein,* 66 Ill. App. 526; *Young v. Young,* 213 Ill. App. 402, 409.

The record shows that this is not the first attack on the heirship and the validity of the marriage of Frank and Mary Braje. In 1934 Nicholas Braje, the brother, filed his petition in the probate court claiming that he and his two sisters were Frank's real heirs and entitled to receive his estate; after hearing, the court denied the prayer of that petition; Nicholas Braje appealed to the Circuit court where witnesses were heard and evidence considered; the circuit court affirmed the findings of the probate court, holding that Mary and Mirko Braje were the only heirs at law of Frank Braje, deceased.

In April, 1935, Nicholas Braje filed another petition in the probate court again attacking the heirship of Mary and Mirko Braje; the probate court held with the widow and son; no appeal was taken from that order; shortly thereafter the estate was distributed,

the widow Mary receiving about $2,000 and the son Mirko about $4,000, which is still on deposit in the First National Bank of Chicago. More than 18 months after the estate was closed the present petition was filed.

. It is argued that the status of Mary and her son Mirko has been adjudicated by these proceedings and therefore the matter is no longer in issue. Cases are cited which lend support to this view. Undoubtedly this would be true if all the parties in interest had received notice and were made parties to the petitions filed by Nicholas. The record shows that neither of the sisters, residing in Jugoslavia, was notified by publication or otherwise. We do not think it necessary to pass upon the point, although we are sympathetic to the claim that the point in issue has already been adjudicated.

We hold that the instant petitioner, wishing to attack the legality of the marriage of Frank and Mary Braje, should have done so by filing a bill in equity in the nature of a bill of review. The instant petition was filed more than 18 months after the estate was closed. Orderly procedure would seem to require that any attack at so late a date should be in some court other than the probate court. True it is that the probate court may, even after the entry of an order closing the estate, in the exercise of equitable powers, set aside any order procured by fraud or due to accident or mistake. We so held in *In re Estate of Mazie*, 292 Ill. App. 635 (Abst.). But that involved a fraudulent attempt by the administratrix to defeat the just claim of a creditor. *Heppe v. Szczepanski*, 209 Ill. 88, cited by petitioner, involved the release of a widow's award obtained by mistake. The facts in the instant case do not present any such question. Mary innocently married Frank Braje and in asserting that she was his lawful widow was guilty of no fraud.

In *Collins v. Kinnare,* 89 Ill. App. 236, the facts were much like those now under consideration. There proof of heirship was duly made, the administration of the estate proceeded and at the October term, 1898, order of final distribution was entered; Margaret Collins first moved in the probate court to vacate this order, alleging that she was a niece of the deceased, a nonresident and had no notice of the death of the intestate nor of the administration of the estate until about 3 months after the final order of distribution; the probate court denied her motion to vacate this order; she then filed her bill in chancery, setting up the same facts; a demurrer to this was sustained and she appealed. The Appellate Court reversed the circuit court and held that under the circumstances her bill was properly filed in chancery.

The minor, Mirko, in this case resides with his mother in Jugoslavia, and we do not see how the probate court, long after the estate has been closed, would have jurisdiction to depose the minor as an heir. In the *Heppe* case, *supra,* on page 99, the court said it was a matter of doubt whether the probate court at a subsequent term had jurisdiction over the minors, and held that the order in that case which affected the interest of the minors was void as against them for want of jurisdiction over them by proper service of notice or process. In the order of the probate court dismissing the present petition one of the grounds stated was that the court had no jurisdiction over the parties.

Here we have an attack on a marriage—one of the parties dead five years and the other residing abroad—and a nonresident minor who stands to lose his inheritance should the attack succeed. In a chancery proceeding many defenses, laches as an example, could be asserted. We should not be understood as encouraging the institution of chancery proceedings by peti-

tioner. The validity of the marriage of Mary Braje has been repeatedly upheld, and repeated attacks should be stopped.

The Massachusetts Bonding and Insurance Company, surety on the bond of Mary Braje, as administratrix, filed a complaint in chancery alleging that as surety for the administratrix it would be obliged to pay whatever amounts she might be held accountable for to the deceased's brother and sisters, and that such loss was threatened by Vukmirovich's petition; that Mary Braje owned real estate in Chicago; that she was out of the jurisdiction of the court and asking that the bonding company's loss, if any, be repaid to it out of the sale of this real estate. That suit was consolidated for trial with the Vukmirovich appeal. The final order of the circuit court dismissing the Vukmirovich petition also dismissed the bonding company's chancery suit as, in view of the dismissal of the probate appeal, no loss had resulted to it as surety.

We are of the opinion that the judgment order of the circuit court was proper and it is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.