MEDLINE INDUSTRIES, INC., Plaintiff-Appellee, *v.* ROBERT PASCAL *et al.* Defendants-Appellants.

(No. 73-422;

Second District—November 18, 1974.

Robert K. Polovin and Richard Wolfe, both of Chicago, and Ben Rifken, of Elgin, for appellants.

Goldberg, Weigle, Mallin & Gitles, Richard P. Glovka, and Lederer, Fox & Grove, all of Chicago, and Wasneski, Yastrow, Kuseski & Flanigan and Finn, Geiger & Rafferty, both of Waukegan, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

This is an appeal from two interlocutory orders entered by the circuit court of Lake County in November, 1973, denying defendants' motions to stay proceedings in this case until a determination of the issues presented in a case pending in the circuit court of Cook County, Illinois.

On July 10, 1972, Medline Industries, Inc. ("Medline"), filed its complaint in this case for damages against Robert Pascal ("Pascal"), a resident of Lake County, based upon Pascal's written guarantee of performance by Proviso Plastics, Inc. ("Proviso"), of a certain contract with Medline dated February 10, 1971, alleging that Proviso had breached the said contract. After the court denied Pascal's motion to join Proviso and Paul Marcheschi ("Marcheschi") as additional defendants, Pascal, on November 13, filed his answer and a "third party complaint" against Proviso and Marcheschi, alleging that under an indemnity provision in a stock purchase agreement between Pascal and Marcheschi, the latter, a coguarantor, agreed to hold Pascal harmless from actions brought by Medline, and was liable for any resulting judgment.

On February 6, 1973, Proviso filed a complaint in the circuit court of Cook County against Medline and its "wholly owned subsidiary," Dynacor Manufacturing Corporation ("Dynacor"), for rescission of four production contracts between the parties and for damages resulting from the breach.

On February 7, by leave of court, Medline filed its amended complaint in this Lake County case adding Marcheschi and Proviso as defendants and alleging breach by Proviso of the February 10, 1971, contract and of a second contract. Thereupon Marcheschi and Proviso moved for leave to file a limited appearance and to transfer venue to Cook County on the ground that the principal place of business of Medline and Proviso and the residence of Marcheschi are in Cook County, and that the trans-

actions occurred in Cook County. On March 8 the trial court denied that motion.

Proviso then filed a motion to dismiss Medline's amended complaint as well as Pascal's third-party complaint, this motion being based upon the fact that there was a prior pending suit in the circuit court of Cook County involving all the issues between Proviso and Medline. This motion was denied on July 6 by the trial court.

On September 21 the Cook County circuit court denied Medline's motion to dismiss Proviso's complaint in that court.

On November 2 Proviso and Marcheschi filed a motion in the Lake County circuit court to dismiss the amended complaint and to stay the Lake County action against Pascal and Marcheschi until the determination of the Cook County suit. That motion was denied. On November 16 Proviso, Marcheschi and Pascal filed their motion asking the Lake County court to reconsider the order of November 2. This motion set forth the denial by the Cook County circuit court of Medline's motion to dismiss that case based upon a prior pending action in Lake County and attached a copy of that order and of Proviso's amended complaint in Cook County. It also alleged dual legal expenses by reason of the two suits, and requested that the order of November 2 be vacated and the proceedings stayed until determination of the Cook County case. This petition was likewise denied by the Lake County circuit court, and defendants appealed to this court.

On January 16, 1974, Medline filed its motion to dismiss this appeal asserting that it does not fall within any of the interlocutory orders which are appealable under Supreme Court Rule 307 (Ill. Rev. Stat. 1973, ch. 110A, par. 307). On January 30, upon defendants' emergency motion alleging the entry on January 25 of an order by the trial court for discovery depositions of Marcheschi and for sanctions in the event of his failure to appear, we stayed proceedings in the Lake County circuit court until further order. Shortly thereafter we denied Medline's motion to dismiss this appeal and vacated our temporary stay order.

We first consider the appealability of the trial court's denial of the stay order. Supreme Court Rule 307(a) provides in part as follows:

"An appeal may be taken to the Appellate Court from an interlocutory order of court

(1) granting, modifying, refusing * : * * an injunction."

No question is raised here as to defendants' compliance with the procedural provisions of that rule. Illinois courts, as well as the United States Supreme Court, have held that a "stay order" is synonymous with an injunctional order and therefore appealable. (*Property Management, Ltd. v. Howasa, Inc.* (1973), 14 Ill.App.3d 536, 539; *Wiseman v. Law*

*Research, Inc.* (1971), 133 Ill.App.2d 790, 793; *School District No. 46 v. Del Bianco* (1966), 68 Ill.App.2d 145, 152; and *Ettelson v. Metropolitan Life Insurance Co.* (1942), 317 U.S. 188.) None of these cases, nor those cited by Medline, sets forth any requirement for an inquiry into, or consideration of, "the substance rather than the form of the stay order to determine if it was an injunctional order and therefore appealable," as urged by Medline. We therefore hold that the Lake County circuit court's denial of the stay order was an appealable interlocutory order.

We next consider the principal question raised: Whether the trial court erred in denying defendants' motion to stay proceedings until a determination of the suit pending in the Cook County circuit court. Defendants do not challenge the trial court's jurisdiction over the parties or the subject matter. However, they contend that it is not the proper forum because the principal corporate parties, including Medline (whose liability to one another would be determinative of the question of the liability of the guarantor Pascal who is a Lake County resident), reside and have their principal place of business in Cook County where defendants filed their suit to adjudicate the question of their respective liabilities to one another, one day prior to the filing of Medline's amended complaint in Lake County circuit court adding Proviso and the other guarantor, Marcheschi (a nonresident of Lake County), for the first time. They urge that the Cook County circuit court would therefore be a proper and more convenient forum for the parties and that a stay of the proceedings in Lake County circuit court would avoid unnecessary and expensive litigation in two neighboring counties.

It is puzzling to us that Medline filed its suit against Pascal, a co-guarantor of the production contract, without first, or at the same time, seeking an adjudication of the breach of that contract and the extent of the liability thereunder. Had Medline sought such a prior adjudication it undoubtedly would have filed its original suit not in Lake County but in Cook County where all the contracting parties maintain their principal place of business, where the transactions occurred and where they all kept their records.

■■ It appears to us that in view of the equitable circumstances present here it would be against conscience for Medline to be allowed to proceed and that the trial court erred in refusing a stay at least for a reasonable period of time to allow the Cook County circuit court to determine the existence of Medline's or Proviso's liabilities to each other. (See 42 Am. Jur. 2d *Injunctions* § 201 (1969).) The determination of that question would simplify or eliminate the issue as to liability under the guarantee.

However, if after a reasonable time the trial court should determine that the case pending in the Cook County circuit court is not proceeding

apace, the stay order may be set aside and this cause should proceed in ordinary course. See *Wiseman v. Law Research, Inc.*, *supra.*

Therefore, this case is reversed and remanded to proceed in accordance with this opinion.

Reversed and remanded with directions.

GUILD and SEIDENFELD, JJ., concur.