COLINA R. HUTCHISON *et al.*, Plaintiffs-Appellants, *v.* WOODSTOCK COMMUNITY UNIT SCHOOL DISTRICT NO. 200 *et al.*, Defendants-Appellees.—(ROY DOOLEY *et al.*, Cross-Plaintiffs-Appellees, *v.* WOODSTOCK COMMUNITY UNIT SCHOOL DISTRICT NO. 200 *et al.*, Cross-Defendants-Appellees.)

Second District   No. 76-487

Opinion filed November 2, 1978.—Rehearing denied January 26, 1979.

308

Hugh M. Matchett, of Chicago, for appellants.

William J. Scott, Attorney General, and Franke & Miller, both of Chicago, William J. Cowlin, State's Attorney, of Woodstock, and Elman & Ehardt, of Harvard (Paul V. Esposito, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

On December 1, 1975, the plaintiffs filed a declaratory judgment complaint against the Woodstock Community Unit School District; the Board of Education of that district; the members of the board individually; Joseph M. Cronin, the State Superintendent of Education; Edward W. Hall, Superintendent of the Educational Service Region of McHenry County; and Roy J. Habeck, Superintendent of the Woodstock Community Unit School District No. 200 of McHenry County. The plaintiffs prayed for a declaratory judgment as to alleged violation of their Federal and State constitutional rights; for discovery and accounting of the District's financial status; for an injunction restraining expenditures of money for the addition to the high school building until all safety and health hazards had been corrected; and for a mandatory injunction that the defendants remedy the situation.

Within 30 days, on January 26, 1976, two of the defendant board members, Dooley and Mason, filed a cross-complaint (the cross-complaint should be properly termed a counterclaim and is so referred to herein; see Illinois Civil Practice Act, Ill. Rev. Stat. 1975, ch. 110, par. 38(1)) against the other members of the Board of Education, the Board of Education, the Superintendent of Schools of Community Unit School District No. 200 and Joseph Frett & Son, Inc., the contractor. In this counterclaim the two members of the school board sought a temporary injunction to compel the board from paying out funds for the construction of the high school; to cease construction; and that a permanent writ of injunction be issued restraining payments for the construction without approval of the voters by referendum.

On January 30, 1976, the State Superintendent of Education filed his motion to strike and dismiss the original complaint against him, alleging that the complaint was conclusory and failed to state any specific statutory authority which clothed the State Superintendent of Education with authority to compel corrective action for violation of safety standards; that he did not have the statutory power to require the school district to use the proper accounting procedures; and that the remedial power to correct alleged violations of safety standards is vested in the Superintendent of the Educational Service Region. On December 17, 1975, the Superintendent of the Educational Service Region of McHenry County had filed his motion to dismiss the complaint on the ground that the complaint did not set forth any breach of duty on his part and that the complaint did not request any relief as to him. On February 6, 1976, the

motions were granted and the State Superintendent of Education and the Superintendent of the Educational Service Region were dismissed as parties defendant and the plaintiff was given 28 days to file an amended complaint against the State Superintendent of Education and the Superintendent of Educational Service Region, which was not done.

A hearing was had as to the counterclaim of Dooley and Mason and on April 30, 1976, judgment was entered against the counterplaintiffs. On June 25, 1976, plaintiffs in the original action filed a motion to vacate the judgment order against counterclaimants Dooley and Mason entered April 30, 1976. On June 25 the court properly denied this motion, specifically finding that plaintiff had no standing to vacate an order entered against counterclaimants. It is scarcely necessary to point out that the attorney for the plaintiffs did not represent the counterclaimants but had sued them as defendants.

On May 26, 1976, the court dismissed the original complaint as to all defendants but the Board of Education and gave plaintiffs 30 days to file an amended complaint against that board only. On July 27, 1976, plaintiffs filed a motion to add "all past members of the Board of Education and all present members of the Board of Education not presently parties to this action * * *." Examination of the record discloses that the board members Thompson, Dooley and Schultz left the board on April 10, 1976, and three new members were elected on or about that date. No disposition of this motion is in the record, presumably because the amended complaint was dismissed as to all parties on August 20, 1976. After the filing of the first amended complaint on July 23, 1976, the trial court, on August 20, 1976, entered a final order dismissing the amended complaint as to all defendants. On July 23, 1976, the plaintiffs filed a notice of appeal from the orders of April 30 and June 25, 1976. On September 13, 1976, the plaintiffs filed their second notice of appeal from the orders of February 6, 1976, May 26, 1976, and August 20, 1976, the latter being the order dismissing the amended complaint as to all defendants. It is to be noted that the state's attorney of McHenry County filed an appearance on behalf of the Superintendent of the Educational Service Region and moved to dismiss the complaint as to him. The record does not disclose a specific order of dismissal as to this party but it is obvious that the orders of dismissal as to all defendants but the Board of Education and the subsequent dismissal of the amended complaint as to all defendants would encompass the dismissal as to the Superintendent of Educational Services Region. While both notices of appeal disclose that the state's attorney was notified of the appeal, he has not filed an appearance or brief on behalf of the Superintendent of the Educational Service Region.

In this court all defendants have filed a motion to dismiss the appeal and we have ordered that these motions be taken with the case.

Before we attempt to reach the issues in this most garbled appeal we must first examine the amended complaint filed on July 23, 1976, after the original complaint had been dismissed and after the counterclaim had been dismissed on April 30, 1976. The amended complaint alleges the original complaint; the original counterclaim of Dooley and Mason sought to raise facts or allegations which had not occurred at the time of filing the original complaint and sought discovery of various parties for the purpose of filing a "supplemental complaint," including inquiry as to why Dooley and Mason did not appeal the dismissal of their counterclaim! In substance, therefore, the plaintiffs merely realleged the original complaint, the counterclaim of Dooley and Mason and sought discovery. It can thus be seen that because of the argumentative and confusing pleadings herein, compounded with the dilatory actions of the plaintiffs both in the trial court and in this court, it is extremely difficult to arrive at the issues presented in this appeal.

As nearly as we can ascertain from the examination of the briefs of all parties and the record, the following possible issues are presented to us:

1. By the plaintiffs as to dismissal of the original complaint.

A. Was there a purported violation of constitutional rights as to a healthful environment because of alleged violations of safety standards?

B. Were the plaintiffs entitled to an accounting and financial status of the Board of Education?

C. Should an injunction have been issued restricting expenditures of money until safety standards were corrected?

2. By the plaintiffs as to the dismissal of the first amended complaint.

A. Did the plaintiffs have the right to add to their complaint the complaint of the countercomplainants which had been previously dismissed by the trial court upon hearing thereon?

B. Did the plaintiffs have the right in the amended complaint to seek to add matters not in esse at the time of the filing of the original complaint?

C. Were the plaintiffs entitled to a bill of discovery for the purposes as stated therein that there might possibly be a conflict of interest as to either former board members or newly elected board members; this being a new contention not pleaded in the original complaint?

D. Whether the court's general order dismissing the complaint, thus finding no conflict of interest by the representation of

attorneys for the defendants School Board, School Board members and the Superintendent of School District No. 200, Habeck, was correct?

E. Whether plaintiffs are entitled to a pure bill for discovery for the purpose of filing a "supplemental complaint" based on the alleged conflict of interest of the Board members; why counterclaimants Dooley and Mason did not appeal and why Dooley and Mason in their counterclaim, which was dismissed, failed to raise an issue as to the alleged conflict of interest.

F. Whether the order of dismissal of the State Superintendent of Education and the Superintendent of the Educational Service Region on February 6, 1976, was proper.

3. The substance of the issues contended by the defendants as being the subject of this appeal is:

A. As to whether the plaintiffs, by reason of dilatory and contumaceous conduct, laches and mootness have standing to appeal.

B. Whether the plaintiffs may, by purported amendment to the original complaint, raise new issues never presented in the original complaint and add to the complaint for the second hearing the countercomplaint of Dooley and Mason which was dismissed and not appealed by them.

C. Whether the Board of Education acted in good faith and in complete conformity with the law in the transfer of funds received from the State known as resource equalizer funds (State aid) in the sum of $675,000 for the operations, building and maintenance fund of the School Board.

D. Whether the $298,000 addition to the school, which was paid for from the funds received from State aid was for an improvement to the existing school or the erection of a school as contended for by the plaintiffs.

Numerous of these issues have been determined by the trial court in the hearing and dismissal of the counterclaim from which no appeal was taken. The plaintiffs were cognizant of that action and took no part in the determination of those issues by the trial court and cannot at this time merely add to their amended complaint the contentions found in the counterclaim filed by Dooley and Mason and dismissed by the trial court. While this technically is not res judicata, plaintiffs have waived these issues by failure to participate in the hearing thereon. They may not then seek to relitigate in an amended complaint the same issues by tacking them onto the reiteration of their original complaint and asking for discovery upon which they might file yet another "supplemental complaint."

In order to understand the confusing status of this case, a résumé of the orders entered is helpful.

## ORDERS

February 6, 1976—

1. The original complaint against Joseph Cronin, the State Superintendent of Education, was dismissed on his motion that the complaint failed to state a cause of action against him.

2. The original complaint against Edward W. Hall, the State Superintendent of the Educational Service Region, was dismissed on motion of the State Superintendent that no breach of duty on his part was owed under the provisions of Ill. Rev. Stat. chapter 122, sections 3—14 through 3—14.22 setting forth his duties and that further no breach of duty was alleged in the original complaint.

April 30, 1976—This order dismissed the countercomplaint of Dooley and Mason upon hearing and made the following findings:

1. The construction of an addition to an existing school constitutes an improvement to the school and is not the construction of a school.

This issue was raised by the counterclaimants that the construction was actually the building of a school and could only be done by a referendum of the voters. The court properly found that $298,000 addition was not the construction of a new school requiring a referendum of the voters. The court further found that the inclusion of the $675,000 in resource equalizer funds (general State aid) in the operations, building and maintenance fund was a reasonable exercise of discretion by the Board of Education. Lastly, that the school board had neither illegally accumulated nor transferred any funds.

May 26, 1976—The court made the following findings:

1. The original complaint was dismissed for manifest insufficiencies.

2. The individual defendants named therein were not proper parties.

3. The school district was not a proper party.

4. The motion to strike the appearance of Franke and Miller on behalf of the defendant School Board, School Board members and the Superintendent of School District No. 200 was denied.

June 25, 1976—The trial court found that the plaintiffs had no standing to move to vacate the order of the dismissal of the counterclaimants and the plaintiffs were given leave to file an amended complaint by July 26, 1976.

August 20, 1976—Judgment entered in favor of the Board of Education of the school district and against the plaintiffs.

Secondly, all defendants identified in the first amended complaint were dismissed with prejudice.

■■ From the various issues allegedly presented in this case and the orders entered we have determined that the following are the actual issues before us and we will consider those alone. While there was no specific finding by the court in the orders set forth above as to the alleged violation of the constitutional rights of the students in the school relative to a healthful environment because of alleged violations of safety standards, it is obvious that this issue was considered by the trial court in its general determination dismissing the complaint for manifest insufficiency. We will not disturb its finding as to this issue.

■■ As to the allegation that the plaintiffs were entitled to an accounting of the financial status of the Board of Education, it is patent that the financial records of the Board were readily available to the plaintiffs as these are matters of public record.

■■ The trial court properly found that there was no accumulation of funds by the school board. As to the receipt of $675,000 from State aid, the trial court properly found that this did not constitute an accumulation, and further that the transfer of the funds by the finally adopted budget of the school board to the operations, maintenance and building fund was proper under the State statutes.

■■ As we have stated above, the attempt by the plaintiffs to add the dismissed countercomplaint to its amended complaint is entirely improper. Nor were the plaintiffs entitled to a bill of discovery for the purpose of filing a "supplemental complaint" when the original complaint is based merely on conjecture and guesswork. The motion to add, as additional parties defendant, "all past members" of the school board and those elected after the filing of the original complaint was likewise improper. See Ill. Rev. Stat. 1975, ch. 110, pars. 26, 46; *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 273 N.E.2d 403.

■■ The denial by the trial court of the motion of the plaintiffs to find a conflict of interest by the representation of attorneys Franke and Miller of the school board, the individual members thereof and Habeck, superintendent of the school district, was correct. The plaintiffs had no right to challenge such representation. If a conflict did exist between the school board, the members thereof and the superintendent of the school district, this is a matter solely for the determination of the parties who might possibly be thereby aggrieved, not by opposing counsel. A citation for this effect is not necessary as it is a basic concept that an attorney may represent divergent interests if his clients do not object thereto.

We need not reach the issue raised by the defendants that the plaintiffs, by reason of their dilatory and contumacious conduct, laches and mootness have no standing to appeal.

The following comments of the court in *In re Estate of Kunz* (1972), 7 Ill. App. 3d 760, 763, 288 N.E.2d 520, 523, are appropriate herein.

"Reviewing courts are entitled to have the issues clearly defined, to be cited pertinent authorities and are not a depository in which an appellant is to dump the entire matter of pleadings, court action, argument and research as it were, upon the court."

We therefore find, as set forth above, that the original complaint and the first amended complaint were properly dismissed and the judgment of the trial court is, in all respects, affirmed.

■■ ■ Lastly, turning to the motions to dismiss taken with the case. The motion of the Board of Education is primarily based on the ground of mootness, it being represented to us that at least two budgets have been adopted since the filing of this proceeding; the school has long since occupied the building in question and is using it for school purposes. This is not necessarily correct. If, in fact, the actions of the school board had been illegal a different question would have been presented but, having found that the actions of the school board and that the dismissal of the complaint and the first amended complaint were proper, we need not reach that issue. The motion of the defendant, Joseph Frett and Son., Inc., to dismiss is well taken. This party was only a defendant in the countercomplaint of Dooley and Mason; that countercomplaint was dismissed and no appeal was taken from that order of dismissal. Therefore, the motion of defendant Frett to dismiss is allowed.

Affirmed in part and dismissed in part.

SEIDENFELD, P. J., and BOYLE, J., concur.