THE VILLAGE OF BURNHAM, Plaintiff-Appellant, v. DAVID W. COOK, Defendant-Appellee.

First District (4th Division)   No. 85—3466

Opinion filed July 3, 1986.

Stanley W. Pagorek, of Calumet City, for appellant.

No brief filed for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, the village of Burnham, appeals from the order of the circuit court of Cook County declaring invalid the village's implied-consent ordinance. Plaintiff contends that the adoption of such an ordinance was within the village's home rule powers and was not pre-empted by the State implied-consent statute. Defendant has not filed a brief. For the reasons hereinafter stated, we dismiss plaintiff's appeal.

On April 13, 1985, defendant, David W. Cook, was arrested for driving a motor vehicle while under the influence of intoxicating liquor and was issued a citation under the applicable local ordinance. Defendant refused to take a breathalyzer test and a report of refusal was filed with the circuit court. The report cited section 13—11—501.1 of the village of Burnham vehicle code. Defendant filed a timely petition for an implied-consent hearing. (The form defendant signed requesting a hearing cited the implied-consent statute (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1).) When the matter appeared on the call, the trial court suggested to the village prosecutor that the report of refusal be amended on the court's motion, to show that it had been filed in the name of the people of the State of Illinois under the implied-consent statute. The village prosecutor objected to the proposed amendment whereupon the court declared the implied-consent ordinance invalid. An assistant State's Attorney who was present then moved to amend the report of refusal to reflect that the matter had been filed under the implied-consent statute. The court allowed the motion and transferred defendant's implied-consent petition to another courtroom for hearing. The disposition of that hearing is not before us.

In declaring the ordinance invalid, the court found that only the State has the authority to adopt an implied-consent law. In its written order the court found that there was no just reason to delay enforcement of or appeal from the order and that substantial ground for difference of opinion existed regarding the village's authority to adopt an implied-consent ordinance. In our judgment, this appeal must be dismissed for lack of a final appealable order.

■ Implied-consent hearings are civil in nature (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118(b)), and an appeal as of right may be taken from the final judgment rendered therein (*People v. Malloy* (1979), 76 Ill. 2d 513, 395 N.E.2d 381). Here, no final judgment was rendered. The report of refusal was amended, and the implied-consent petition

was transferred to another court for disposition. No final judgment disposing of the petition was entered, and thus no appeal was possible under Supreme Court Rule 301 (87 Ill. 2d R. 301).

Under Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)), an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. The inclusion of that finding, however, cannot confer appellate jurisdiction if the order is in fact not final. *Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61, 66, 344 N.E.2d 461; *In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 408, 403 N.E.2d 1036.

■ An order is "final," and, thus, appealable, if it either terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate branch thereof. An order is not final if the court retains jurisdiction for the future determination of matter of substantial controversy. (*Prado v. Evanston Hospital* (1979), 72 Ill. App. 3d 622, 624-25, 390 N.E.2d 1270.) It is apparent that the trial court's order declaring the village's implied-consent ordinance did not terminate the litigation (*i.e.,* defendant's implied-consent petition) on the merits nor did it dispose of the rights of the parties on the entire controversy (whether defendant's license should be suspended) or any separate branch thereof (the findings to be made under the implied-consent law). Rather, the order continued the defendant's petition for an implied-consent hearing, albeit under a different label. The people of the State of Illinois were substituted as the proper prosecuting authority and the petition was transferred to another court for hearing under the implied-consent statute. Regardless of whether the petition proceeded under the statute or the ordinance, the issues to be determined at that hearing would be the same, as would be the forum of the hearing judge. The identity of the prosecuting authority should not affect the ultimate disposition of the hearing. We do not believe, therefore, that the declaration of invalidity of the ordinance constituted a final order for purposes of Rule 304(a).

■ Under Supreme Court Rule 308(a) (87 Ill. 2d R. 308(a)), an appeal may be sought from an interlocutory order that is not otherwise appealable where the trial court finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. This finding must be stated in writing and must identify the question of law involved.

An appeal under Rule 308 may be sought by filing an application for leave to appeal with the clerk of the appellate court within 14 days after the entry of the order in the trial court or the making of the prescribed statement by the trial court, whichever is later.

In our judgment, plaintiff's appeal cannot be sustained under Rule 308. The court did not find that an immediate appeal from its order might materially advance the ultimate termination of the litigation, as required by Rule 308 (*Debowski v. Shred Pax Corp.* (1977), 45 Ill. App. 3d 891, 898, 359 N.E.2d 204); plaintiff did not seek discretionary review under Rule 308 (*Scudder v. Scudder* (1979), 71 Ill. App. 3d 534, 536, 390 N.E.2d 23); and the notice of appeal was filed more than 14 days after the court found that there was "substantial ground for difference of opinion" regarding the village of Burnham's authority to adopt an implied-consent ordinance (*Rotogravure Service, Inc. v. R. W. Borrowdale Co.* (1975), 36 Ill. App. 3d 606, 610, 344 N.E.2d 554).

Plaintiff understandably desires to obtain an authoritative decision on the validity of its implied-consent ordinance. That desire, however, does not create appellate jurisdiction for review of what otherwise is a nonappealable interlocutory order. Plaintiff's recourse, in our opinion, would be to seek *mandamus* or a supervisory order from our supreme court. See *Owen v. Mann* (1985), 105 Ill. 2d 525, 531, 475 N.E.2d 886; *Knuepfer v. Fawell* (1983), 96 Ill. 2d 284, 291, 449 N.E.2d 1312.

■ The trial court struck down the village of Burnham's implied-consent ordinance, thereby effectively prohibiting plaintiff, as opposed to the State's Attorney's office, from proceeding against defendant in an implied-consent hearing. The supreme court has utilized *mandamus* for directing a circuit court judge to conduct a hearing which he felt should not be held because of the alleged constitutional defects in the law authorizing the hearing. (See *People ex rel. Carey v. Chrastka* (1980), 83 Ill. 2d 67, 73, 413 N.E.2d 1269; *People ex rel. Carey v. Cousins* (1979), 77 Ill. 2d 531, 544, 397 N.E.2d 809.) *Mandamus* has also been used to resolve separation-of-powers questions. (See *People ex rel. Daley v. Moran* (1983), 94 Ill. 2d 41, 46, 445 N.E.2d 270.) Such questions may be present where the judiciary is alleged to have encroached upon the rights of the executive.

*Mandamus* would also allow for a more considered review of the issues than is possible in the instant appeal. Plaintiff's appeal presents two related issues of first impression: whether a home rule unit of local government has the power to adopt an implied-consent ordinance, and whether the adoption of such an ordinance has been preempted

by the State's implied-consent statute. Neither issue is extensively discussed in plaintiff's appeal (or in the trial court) and many questions regarding the ordinance and its relation to the statute are left unanswered. Defendant has not filed a brief in support of the trial court's order, and he most probably will have no adversarial interest in the outcome of this appeal. In contrast, the State's Attorney's office, which has an obvious interest in defending its asserted right to prosecute all implied-consent hearings, is not even represented in this appeal. In a *mandamus* action, however, the State could be named as a party defendant or could seek leave to intervene. The significant constitutional and statutory issues raised by the village's appeal should not be decided in a nonadversarial setting. Assuming, *arguendo,* that the trial court erred in declaring the village's ordinance invalid and in amending the defendant's report or refusal to reflect that it was being filed under the State statute, the village's proper remedy to test the court's order is *mandamus* , not direct appeal. For this additional reason, we also believe that it is appropriate to dismiss plaintiff's appeal.

For the foregoing reasons, the appeal is dismissed.

Appeal dismissed.

McMORROW and JIGANTI, JJ., concur.