INTERNATIONAL INSURANCE COMPANY, Plaintiff-Appellant, v. MORTON THIOKOL, INC., Defendant-Appellee.

First District (1st Division)   No. 1—88—148

Opinion filed May 15, 1989.—Rehearing denied July 28, 1989.

David P. Cutler and Steven D. Pearson, both of Goggin, Cutler & Hull, of Chicago, for appellant.

Robert W. Gettleman and Jane E. Jarcho, both of Chicago, and Thomas C. Hill, of Cincinnati, Ohio (D'Ancona & Pflaum, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, International Insurance Company (International) filed an action against defendant, Morton Thiokol, Inc. (Morton), seeking a declaration and rescission of certain insurance contracts. On Morton's motion, the trial court dismissed International's complaint without prejudice pursuant to section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(3)) due to the fact that there are actions pending between the same parties for the same cause in a New Jersey State court. The trial court also denied International's motion for a preliminary injunction to enjoin Morton from proceeding against International in a lawsuit in Ohio. International appeals both from the dismissal of its action and the denial of its motion seeking preliminary injunctive relief.

Morton argues on appeal that this court should dismiss the appeal of the order dismissing International's complaint without prejudice because the order is not final and appealable.

International contends on appeal that the dismissal of its action was an abuse of discretion since the case at bar and the later-filed New Jersey case do not involve the same cause. International further contends that the trial court erred in denying it the injunctive relief it sought since the court had a duty to protect its first-acquired jurisdiction from a later-filed duplicative action in Ohio.

The facts as set forth in the record are procedurally detailed, and we will set forth those facts necessary for resolution of the issues raised on appeal. On July 22, 1985, Morton filed a lawsuit against International and several other insurance companies in the New Jersey State court. The action sought damages for breach of contract and a judgment declaring that the insurers owed Morton a duty of defense and indemnification with regard to a suit brought against Morton by

the New Jersey Department of Environmental Protection. Morton's complaint sought coverage for alleged hazardous waste contamination as a result of its manufacturing processes under four of International's policies and approximately 65 policies issued by 19 other insurance carriers. The question of insurance coverage related to one environmental site claim in New Jersey known as the Woodridge site. On August 27, 1987, International's motion for summary judgment was granted.

On April 18, 1986, International filed the instant action in the circuit court of Cook County seeking a declaration and rescission or reformation of two of its primary liability insurance policies. In this action, International addressed the question of its insurance coverage at numerous environmental site claims throughout the United States for which Morton had made coverage claims to International. This included 33 environmental sites in 13 different States. Among the sites International sought to have found outside its coverage was the Woodridge site in New Jersey.

On May 13, 1986, Morton filed suit against Aetna Casualty & Surety Company in the Ohio State courts for damages and for breach of contract and seeking a declaration of coverage for 30 waste sites under approximately 20 of Aetna's policies. Morton later amended its Ohio action to include two additional insurers, International and Continental Casualty.

On May 30, 1986, Aetna filed a declaratory judgment action against Morton and 20 of its insurers, including International, in New Jersey involving the same sites that were included in the action filed by Morton in Ohio.

On July 30, 1986, the New Jersey court, before which both New Jersey cases were pending, enjoined Morton and International from proceeding in any court other than the New Jersey Superior Court with coverage disputes relating to any New Jersey hazardous waste site. The New Jersey court specifically recognized that it could not prevent foreign State courts from hearing cases regarding non-New Jersey sites, but it could forbid the parties from litigating over New Jersey sites in other States. Further, the New Jersey court did preclude International from continuing to litigate non-New Jersey sites in New Jersey. Following this ruling, the action filed against Morton by Aetna in New Jersey was amended to involve 37 carriers, including eight of International's policies and raised questions of application of those policies to 15 New Jersey waste sites.

On September 23, 1986, Morton filed a motion to dismiss or stay International's amended complaint in the instant case based on the

fact that it was duplicative of the actions pending in New Jersey. After extensive briefing, argument was heard on the motion on February 11, 1987. On that same date, International moved for an order for a preliminary injunction to enjoin Morton from proceeding against International in the Ohio case.

On March 12, 1987, the trial court dismissed International's amended complaint without prejudice pursuant to section 2—619(a)(3) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(3)) because it was duplicative of the actions pending in New Jersey.

On March 27, 1987, a hearing was held on International's motion to reconsider the dismissal and motion for a preliminary injunction. Subsequently, on December 15, 1987, the trial court denied International's motion for reconsideration of its order of dismissal, and the court also denied International's motion to enjoin the Ohio action. On January 14, 1988, International moved the trial court for certification to file an interlocutory appeal by permission under Supreme Court Rule 308 (107 Ill. 2d R. 308) from its order of dismissal. On February 5, 1988, the court denied International's motion for certification because it found that certification would not advance the ultimate determination of the litigation as provided in Rule 308.

On December 31, 1987, International filed a notice of interlocutory appeal from the order denying injunctive relief against Morton. Subsequently, on January 6, 1988, International filed a "Notice of Joining Prior Appeal" seeking an appeal from the dismissal order.

I

Morton argues on appeal that this court should dismiss the appeal of the order dismissing International's amended complaint without prejudice because that order is not final and appealable. International maintains that the dismissal order is so inextricably enmeshed with its motion seeking injunctive relief that this court's jurisdiction over the entire appeal is necessary for a complete determination of the matter.

■■ ■ The rules of the supreme court are clear in the requirement that only a "final judgment of a circuit court in a civil case is appealable as of right." (107 Ill. 2d R. 301.) Appeals from interlocutory orders are permitted only as specifically provided in the rules. (107 Ill. 2d Rules 306, 307, 308; *Flores v. Dugan* (1982), 91 Ill. 2d 108, 435 N.E.2d 480.) A final judgment has been defined as a determination by the court which is on the issues presented by the pleadings and which ascertains and fixes absolutely and finally the rights of the parties. (*Village of Burnham v. Cook* (1986), 146 Ill. App. 3d 124,

496 N.E.2d 1034.) Our supreme court has indicated that the language "without prejudice" in a dismissal order "clearly manifests the intent of the court that the order not be considered final and appealable." *Flores v. Dugan* (1982), 91 Ill. 2d 108, 114, 435 N.E.2d 480, 483; *O'Hara v. State Farm Mutual Automobile Insurance Co.* (1985), 137 Ill. App. 3d 131, 484 N.E.2d 834.

In the case at bar, Morton filed a motion to dismiss International's amended complaint, pursuant to section 2—619(a)(3) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(3)), since there were actions pending between the same parties for the same cause in a New Jersey State court. On March 12, 1987, the trial court granted the motion to dismiss without prejudice, based on the duplicative nature of the pending New Jersey lawsuits. On December 15, 1987, the trial court denied International's motion for reconsideration of its dismissal order. On January 6, 1988, International sought certification pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308) in the trial court asking it to certify the issues for appeal relating to the dismissal of its case. The trial court denied the motion for certification, ruling that certification would not advance the ultimate determination of the litigation as required by Rule 308.

▮▮▮ Under these facts, it is our judgment that the order of dismissal, without prejudice, under section 2—619(a)(3) is nonfinal in that, by its very nature, it did not reach the substantive merits of International's claim. Section 2—619(a)(3) is Illinois' codification of the common law plea of abatement and signifies a present suspension of all proceedings which, without disputing the justness of plaintiff's claim, objects only to the place, mode or time of asserting it, leaving plaintiff open to renew the action in another place or form, or at another time. (See Note, *Abatement & Revival—Another Action Pending—Whether Presence of Pending Action on Same Claim in Foreign Jurisdiction Serves as Ground for Dismissing Complaint*, 34 Chi. Kent L. Rev. 178 (1955); *H.A. Pitts Sons' Manufacturing Co. v. Commercial National Bank* (1887), 121 Ill. 582, 13 N.E. 156.) Therefore, the order is not final and appealable. International may refile or move to reinstate the cause in the trial court any time it believes there are changed facts to support such action. Further, since this order was interlocutory in nature and not otherwise specifically provided for under the supreme court rules, an appeal may be taken only under Rule 308 and then only after the trial court has made the requisite finding and leave to appeal is thereafter allowed by the appellate court. (*Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 403 N.E.2d 704; *Village of Burnham v. Cook* (1986), 146 Ill. App. 3d 124, 496

N.E.2d 1035.) The trial court denied International's motion for certification here and International failed to petition this court for leave to appeal. Accordingly, we dismiss the appeal from the order of dismissal of December 15, 1987, for lack of jurisdiction.

## II

International's remaining contention on appeal is that the trial court failed to perform its duty to protect its first-acquired jurisdiction by not enjoining Morton from proceeding in its later-filed duplicative Ohio action. The trial court held that since the Illinois action was dismissed without prejudice, the Ohio action was not duplicative and should not be enjoined.

Following oral argument in this matter on January 30, 1989, this court ordered the parties on February 14, 1989, to file supplemental briefs on the issue of whether the trial court retained jurisdiction to entertain International's motion to enjoin after it had dismissed its declaratory judgment action without prejudice.

International's position in its supplemental brief is that the trial court retained jurisdiction to enter the injunctive relief requested since the effect of the section 2—619(a)(3) dismissal without prejudice operated as a stay and, further, that the trial court should have granted the injunction prohibiting Morton's action against International in Ohio. Morton contends in its supplemental brief that this court should make a finding that it lacks jurisdiction to review the dismissal of International's complaint since it is not a final and appealable order. At the same time, Morton seeks an affirmance of the trial court's denial of the injunctive relief sought by International.

Neither party has cited, nor has a search of Illinois case law revealed, any authority directly on point. It is well settled, however, that where a suit is dismissed or a nonsuit ordered, it carries the parties and the entire cause of action out of court. (*Howard v. Miller* (1982), 108 Ill. App. 3d 1, 438 N.E.2d 680; *Hutchison v. Woodstock Community Unit School District No. 200* (1978), 66 Ill. App. 3d 307, 384 N.E.2d 382.) A court without jurisdiction to proceed in an action lacks the power to enter orders incident to that action. (*Galvin v. Galvin* (1978), 72 Ill. 2d 113, 378 N.E.2d 510; *In re Vaught* (1981), 103 Ill. App. 3d 802, 431 N.E.2d 1231.) After the entry of an order of dismissal a court, as an incident to such order, has jurisdiction to tax costs, but is without power to make any other order. (*Bettenhausen v. Guenther* (1944), 388 Ill. 487, 58 N.E.2d 550.) Unless the judgment of dismissal is vacated and the cause reinstated, all further proceedings in the action are unauthorized. *In re Estate of Braje* (1938), 294 Ill.

App. 377, 13 N.E.2d 821.

■■ At the hearing involved here on March 27, 1987, the trial judge raised the issue of jurisdiction and commented that the court would first consider International's motion for reconsideration, and only consider the motion to enjoin if the court reversed its decision on the motion to dismiss. The trial judge stated, in part, during the course of that hearing:

> "If I have dismissed the case, then, of course, I would—I have dismissed the case presently. So I don't have any jurisdiction to hear your motion (to enjoin the Ohio action) ***. Well, if the case is dismissed, how can I entertain a motion to enjoin a proceeding, anyway?
>
> * * *
>
> I'll determine the motion to reconsider first; and then if there is anything left ***."

The motion to reconsider the dismissal of plaintiff's complaint was ruled on first and denied, and therefore, the trial court no longer retained jurisdiction of this matter. The cases cited by International (*National Hockey League v. Intermart, Inc.* (1984), 127 Ill. App. 3d 1072, 470 N.E.2d 1; *Lowe v. Norfolk & Western Ry. Co.* (1981), 96 Ill. App. 3d 637, 421 N.E.2d 971; *Block & Co. v. Storm Printing Co.* (1976), 40 Ill. App. 3d 92, 351 N.E.2d 271; *Wells v. Wells* (1976), 36 Ill. App. 3d 91, 343 N.E.2d 215; *Tabor & Co. v. McNall* (1975), 30 Ill. App. 3d 593, 333 N.E.2d 562; *Medline Industries, Inc. v. Pascal* (1974), 23 Ill. App. 3d 346, 319 N.E.2d 310; *Wiseman v. Law Research Service, Inc.* (1971), 133 Ill. App. 2d 790, 270 N.E.2d 77) address the issue of enjoining sister State litigation but only where an underlying action existed in the trial court. Accordingly, the cited cases are not applicable to the instant issue presented.

■■ International argues that a dismissal without prejudice is the same as a stay of the proceeding and, therefore, the trial court retained jurisdiction to hear its motion to enjoin. However, courts have found a clear distinction between a stay and a dismissal without prejudice. When the court enters a stay order, it retains jurisdiction to supervise or enforce the order and the court has jurisdiction to hear motions to modify or lift the stay if circumstances change. Where a case is dismissed without prejudice, there is no need for the court to supervise, modify or enforce the order and the plaintiff is free to refile without leave of court if the circumstances or facts change. (Compare *Medline Industries, Inc. v. Pascal* (1974), 23 Ill. App. 3d 346, 319 N.E.2d 310, with *International Games, Inc. v. Sims* (1982), 111 Ill. App. 3d 922, 444 N.E.2d 736.) As such, the dismissal without preju-

dice in the case at bar would clearly not operate as a stay.

Accordingly, it is our determination that this court does not have jurisdiction to review the denial of International's motion seeking injunctive relief since the trial court lost its first-acquired jurisdiction following the dismissal of International's complaint. Appellant must fail in the attempt and expectation to convert an otherwise nonappealable matter into an appealable matter by the use of the method and procedure employed. Therefore, the appeal from the order of December 15, 1987, denying International's motion for injunctive relief is also dismissed.

Appeal dismissed.

MANNING, P.J., and BUCKLEY, J., concur.