BEATRICE FOODS COMPANY, Plaintiff-Appellant, *v.* ILLINOIS INSUR-
ANCE GUARANTY FUND, Defendant-Appellee.
First District (3rd Division)   No. 83—784

Opinion filed February 29, 1984.

Jack F. Clifford and Associates, Ltd., of Chicago (Jack F. Clifford and John W. Clifford, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Richard E. Mueller, Hugh C. Griffin, Don W. Fowler, and Barbara A. McDonald, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:
Plaintiff, Beatrice Foods Company, appeals from an order of the trial court granting summary judgment in favor of defendant, Illinois

Insurance Guaranty Fund, and denying plaintiff leave to file an amended complaint. The issues raised on appeal are whether plaintiff has a "covered claim" under the Illinois insurance guaranty fund act (Ill. Rev. Stat. 1979, ch. 73, par. 1065.82 *et seq.*), and whether the trial court erred in denying plaintiff's oral motion for leave to file an amended complaint.

On December 5, 1972, Eugene Allgood was killed in an automobile collision with a vehicle owned and operated by Peter Eckrich and Sons, Inc. (hereinafter Eckrich). A judgment was subsequently entered finding Eckrich liable for the wrongful death of Eugene Allgood and awarding damages of $300,000 to the personal representative of the estate of Eugene Allgood. Eckrich is a wholly owned subsidiary of plaintiff and a resident of Indiana. Plaintiff is a resident of Illinois.

At the time of the accident, plaintiff was the owner of an excess general and automobile insurance policy issued by Reserve Insurance Company (hereinafter Reserve). The policy covered plaintiff and its owned, controlled, subsidiary and affiliated companies, corporations or partnerships. As a wholly owned subsidiary of plaintiff, Eckrich was an insured under the Reserve policy.

It is undisputed that the Reserve policy covered Eckrich's liability to the estate of Eugene Allgood. Reserve, however, has not paid any monies toward satisfaction of the judgment against Eckrich and is now insolvent.

Plaintiff paid $194,669.17 to the estate of Eugene Allgood to satisfy the judgment entered against Eckrich. Plaintiff then filed a claim with defendant to recover part of the payment made to the Allgoods.[1] Defendant refused to pay plaintiff's claim. Plaintiff thereafter instituted this action.

■■ Plaintiff contends that its claim is a "covered claim" under the Illinois insurance guaranty fund act and consequently that defendant is obligated to pay the claim. The Illinois insurance guaranty fund act defines a covered claim as:

> "an unpaid claim *** for a *loss arising out of and within the coverage of an insurance policy* to which this Article applies and which is in force at the time of the occurrence giving rise to the unpaid claim, made by a person insured under such policy or by a person suffering injury or damage for which a person insured under such policy is legally liable, and for unearned premium, if, (a) The company issuing the policy becomes an in-

---

[1] The maximum recovery under the Illinois insurance guaranty fund act is $100,000.

solvent company \*\*\* and, (b) The claimant or insured is a resident of this State at the time of the insured occurrence \*\*\*." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 73, par. 1065.84—3.) We do not believe that plaintiff suffered a "loss arising out of and within the coverage" of the Reserve policy. Plaintiff, therefore, is not entitled to recover from defendant monies paid in satisfaction of the judgment against Eckrich.

The Reserve policy was an "Excess General Automobile Insurance Policy" providing plaintiff coverage against liability to third parties. The policy also covered plaintiff's subsidiaries against liability to third parties. It is undisputed that the Allgoods' judgment was within the coverage of the Reserve policy. However, the only party found liable for the wrongful death of Eugene Allgood was Eckrich. Indeed, plaintiff was not a party in the wrongful death action. It then follows that plaintiff, not being liable to a third party, could not suffer a "loss arising out of and within the coverage" of the Reserve policy.

■ Plaintiff argues that it suffered a loss because it was obligated to satisfy the judgment against its subsidiary, Eckrich. A corporation is an entity separate and distinct from its stockholders and from other corporations with which it may be connected. (*Walker v. Dominick's Finer Foods, Inc.* (1980), 92 Ill. App. 3d 645, 649, 415 N.E.2d 1213; see also *Superior Coal Co. v. Department of Finance* (1941), 377 Ill. 282; *McDermott v. A.B.C. Oil Burner Sales Corp.* (1932), 266 Ill. App. 115.) The shareholders of a corporation, including other corporations, will not ordinarily be held liable for the debt and obligations of the corporation. (*McDermott v. A.B.C. Oil Burner Sales Corp.* (1932), 266 Ill. App. 115.) Accordingly, plaintiff was not legally liable for the judgment entered against Eckrich. Plaintiff acted as a volunteer in satisfying the judgment against Eckrich. Any loss that plaintiff suffered resulted from plaintiff's actions and not from the entry of judgment against Eckrich.

Plaintiff then argues that Eckrich suffered a "loss arising out of and within the coverage" of the Reserve policy; that plaintiff is an insured under the Reserve policy; and that the Illinois insurance guaranty fund act does not require the person making the claim to be the person suffering the loss. We note first that Eckrich was an insured under the Reserve policy. As such, Eckrich could have brought a claim against defendant for the loss it suffered. Eckrich did not do so, however, because Eckrich could not meet the residency requirement of the Illinois insurance guaranty fund act. Plaintiff now asks to recover payments it made to satisfy the judgment against Eckrich. To allow such a recovery would be to allow plaintiff to circumvent the resi-

dency requirement of the Illinois insurance guaranty fund act. We could not allow a claim brought by plaintiff on behalf of Eckrich. Nor can we allow plaintiff to voluntarily satisfy a judgment against Eckrich, and thereafter bring a claim to recover the payment made. We are of the opinion that the insured making a claim under the Illinois insurance guaranty fund act must be the person who suffered a "loss arising out of and within the coverage" of the insurance policy. Plaintiff did not suffer a "loss arising out of and within the coverage" of the Reserve policy. Consequently, plaintiff cannot recover monies from defendant for the payment plaintiff made in satisfaction of the judgment against Eckrich.

■ We turn now to plaintiff's contention that the trial court abused its discretion in denying plaintiff leave to file an amended complaint. We note that plaintiff had previously been granted leave to file an amended complaint. Plaintiff was thus requesting leave to file a second amended complaint. We also note that plaintiff did not submit a draft of the second amended complaint to the court. Nor did plaintiff reveal orally what changes it proposed to make in the complaint. Before a trial judge can be deemed to have abused his discretion in denying leave to amend, the record must disclose that reasons or facts were presented to the trial judge as a basis for requesting the favorable exercise of the judge's discretion. The materiality of the amendment must either be apparent from the proceedings or apparent to the trial judge. (*Intini v. Schwartz* (1979), 78 Ill. App. 3d 575, 397 N.E.2d 84; *Stevenson v. Maston* (1969), 107 Ill. App. 2d 65, 246 N.E.2d 38.) In the present case, no facts or reasons were presented to the trial judge as a basis for requesting leave to amend. Moreover, we are of the opinion that with the facts of this case no amendment of the complaint would state a "covered claim" under the Illinois insurance guaranty fund act. Consequently, we find that the trial court did not abuse its discretion in denying plaintiff leave to file a second amended complaint.

Since we find that plaintiff did not have a "covered claim" under the Illinois insurance guaranty fund act, we affirm the grant of summary judgment in favor of defendant.

Affirmed.

RIZZI, P.J., and McNAMARA, J., concur.