**Rex QUALLS, Plaintiff-Respondent,**

v.

**MISSOURI INSURANCE GUARANTY ASSOCIATION, Defendant-Appellant.**

No. 50671.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 17, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 16, 1986.

Application to Transfer Denied Sept. 16, 1986.

Gerre Strehlman Langton, St. Louis, for defendant-appellant.

Stephen C. Banton, Manchester, for plaintiff-respondent.

KELLY, Judge.

Defendant, Missouri Insurance Guaranty Association (hereinafter MIGA) appeals from a judgment in a court tried case for plaintiff, Rex Qualls, in the sum of $4,900.00. The case was heard in the Circuit Court of St. Charles County. A statement of the facts is necessary for a better understanding of the issues presented to this court.

On May 13, 1978, the plaintiff was involved in an automobile accident in St. Charles County. On the date of the accident, the plaintiff was insured by Kenilworth Insurance Company (hereinafter, insurer) under a policy of automobile liability insurance. The insurer's policy provided the plaintiff with property damage liability coverage in the amount of $5,000.00 per occurrence.

The plaintiff was sued by Frank Hawkins and Paul Humphreyville, drivers and owners of the two other vehicles involved in the May 23, 1978 accident. The plaintiff requested that his insurer defend him in the two separate actions. The insurer refused to defend, denying coverage under the policy. On August 10, 1978, the Circuit Court of St. Charles County entered a default judgment of $3,375.00 against the plaintiff in the case of Hawkins v. Qualls. In the case of *Humphreyville v. Qualls,* the same court entered a default judgment of $1,700.00 against the plaintiff on April 20, 1979. Neither judgment has been paid to date.

On April 20, 1982, Kenilworth Insurance Company was declared insolvent by the Circuit Court of Cook County, Illinois. Within the time provided by the Circuit Court of Cook County, Illinois and the time permitted pursuant to § 375.785 RSMo (1978), plaintiff presented a proof of claim as a result of the actions and judgments against him in the Hawkins and Humphreyville cases. These claims were properly transmitted to defendant MIGA. MIGA denied the claims and plaintiff brought this action against MIGA and the insurer. Subsequently, the plaintiff dismissed Kenilworth Insurance Company without preju-

dice. Plaintiff's claim against MIGA was submitted to the court on August 23, 1985 on the following stipulated facts:

Whether with regard to the judgments for property damage, and interests and costs relating thereto, plaintiff Rex Qualls has a cause of action against MIGA for said amounts; and whether Rex Qualls is the proper party with standing to bring the action against MIGA for said amount. Alternatively stated, whether third parties having claims against the insured of an insolvent carrier, which would fall under the liability coverage of the policy, are the only parties who can recover against MIGA under the statute on such claims. Further, if plaintiff is entitled to recover from MIGA, what damages alleged in the petition herein will be recoverable under the Act?

On August 23, 1985, the St. Charles County Circuit Court certified the plaintiff as a proper plaintiff for this litigation and entered judgment in favor of plaintiff and against defendant for $4,900.00. MIGA appealed.

The defendant, MIGA, assigns as error to this court, the following two points:

1. The trial court erred in entering judgment in favor of plaintiff and against MIGA because:

(a) Plaintiff has not paid any amount on said judgment and therefore does not have an "unpaid claim" arising out of and within the coverage of the insurance policy, and;

(b) There is no assurance that any payment made to plaintiff will be paid to the judgment creditors Hawkins and Humphreyville, and accordingly no assurance that the purpose of the MIGA, to pay claims filed by injured third parties, will be met.

2. Alternatively, the trial court erred in entering judgment in favor of plaintiff and against MIGA because plaintiff is not the proper party with standing to bring a claim under the Act, and does not have a "covered claim" under the Act because the Act provides that the injured

third party is the one who has a covered claim under the statutory scheme. We affirm.

The Missouri Insurance Guarantee Act (§ 375.785, V.A.M.S.) was adopted by the Missouri Legislature in 1971, and became effective September 28, 1971. Most states have now adopted similar statutes. Before addressing the merits of the issues on appeal, it is necessary to understand the purposes for which the Act was established.

In *Lucas v. Illinois Insurance Guaranty Fund*, 52 Ill.App.3d 237, 10 Ill.Dec. 81, 367 N.E.2d 469 (1977), the court stated that the intent of the legislature in establishing a State Insurance Guaranty Fund was to protect the public from losses arising from insolvency of insurers doing business in the state. Further, one purpose of the Act was to place claimants in the same position as if the insurer had not become insolvent. *Id.* 10 Ill.Dec. at 83, 367 N.E.2d at 471. The Missouri statute § 375.785(4)(1)(b), RSMo 1978 is similarly worded. In *Louisiana Insurance Guaranty Association v. Guglielmo*, 276 So.2d 720, 721 (La.App.1973) the court, commenting on the Louisiana statute, LSA–R.S. 22:1375 et seq., stated its express purpose was to provide a mechanism for payment of covered claims under certain insurance policies to avoid excessive delay in payment, and prevent financial loss to claimants or policyholders because of insolvency of insurers. A Mississippi court in *Mississippi Insurance Guaranty Association v. Gandy*, 289 So.2d 677, 681 (Miss.1974) stated that it was clear that the Mississippi Insurance Guaranty Act was enacted for the express purpose of protecting the public against financial loss to policyholders or claimants because of the insolvency of insurers.

The Missouri Insurance Guaranty Association was created to protect certain insureds from the effects of insolvency of certain types of insurance companies. *Pannell v. Missouri Insurance Guaranty Association*, 595 S.W.2d 339, 352 (Mo.App. 1980). The foregoing cases give insight into the concerns of state legislatures in adopting their respective Insurance Guar-

anty Acts. It is in this light that we shall address the issues on appeal. First, we are mindful of this court's standard of review for cases tried without a jury. The decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30[2] (Mo. banc 1976).

■ Defendant first contends the trial court erred in entering judgment in favor of plaintiff and against defendant because: (1) Plaintiff had not paid any amount on said judgments and, therefore, does not have an unpaid claim arising out of and within the coverage of the insurance policy; and (2) there is no assurance that any payment by defendant to plaintiff will be paid to the judgment creditors which defeats the purpose of the Act, i.e. to pay claims filed by injured third parties.

The Missouri Insurance Guaranty Act, § 375.785(3)(2) defines "covered claim" as:

... an unpaid claim, excluding those for unearned premiums, presented within the time specified in accordance with subsection 1 of § 375.670, and which arises out of and is within the coverage of an insurance policy to which the section applies issued by a member insurer after September 28, 1971, and the claimant or insured is a resident of this state at the time of the insured event; or the property from which the claim arises is permanently located in this state. "Covered claim" shall not include any amount due any reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise.

§ 375.785(4)(1)(b) provides, the Association is deemed an insurer to the extent of its obligation on the covered claims and to such extent shall have the rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent.

The defendant would have us construe these provisions to exclude the plaintiff's

claim as one not covered for failing to arise out of and within the coverage of the insurance policy.

The parties have stipulated that the Kenilworth policy applied and provided liability coverage on the vehicle operated by the plaintiff at the time of the collision. Kenilworth refused to defend plaintiff, however, and default judgments were obtained against the plaintiff. In determining whether the unpaid claim of plaintiff in this case arises out of and within the coverage of the insurance policy, we are in agreement with the court's opinion in *Beatrice Foods Co. v. Illinois Insurance Guaranty Fund*, 122 Ill.App.3d 172, 77 Ill.Dec. 604, 460 N.E.2d 908 (1984). In *Beatrice Foods Co.*, id., the corporation had paid a judgment entered against one of its wholly owned subsidiaries for the wrongful death of a motorist killed in an automobile collision with a vehicle owned and operated by a Beatrice subsidiary. Beatrice brought action against the State Insurance Guaranty Fund to recover part of the payment made. The court held that Beatrice did not suffer a "loss arising out of and within the coverage of its insurance policy" issued by an insolvent insurer and, therefore, was not entitled to recover from the Fund. The reason is because the subsidiary corporation was the only party found liable in the wrongful death action. It then follows, the court added, that because Beatrice was not liable to a third party, it could not suffer a loss arising out of the policy. *Id.*, 77 Ill. Dec. at 606, 460 N.E.2d at 910.

In the instant case, the plaintiff is liable to third parties, i.e. the judgment creditors. Further, the policy issued by Kenilworth and in effect at the time provided that Kenilworth shall "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of ... injury to or destruction of property ... arising out of ownership, maintenance or use of the owned automobile ...". To hold that this provision precludes plaintiff from recovering from MIGA under the Act would lead to absurd results. In effect, it would lead to the result that because the injured third parties

brought action against the plaintiff directly, rather than the insurer or MIGA, the plaintiff herein is not entitled to recovery from MIGA. This court will favor a construction that avoids this unjust and unreasonable result. *State ex rel. McNary v. Hais*, 670 S.W.2d 494, 495 (Mo. banc 1984).

In denying defendant's first point, we adopt the opinion of *Beatrice Foods Co. v. Illinois Insurance Guaranty Fund*, supra, that the action arises out of the policy because the insured is liable to third parties, thereby suffering a loss arising out of the policy. Whether or not plaintiff satisfies judgment creditors with the proceeds from his insurance policy is outside the scope of this statute.

Defendant next contends the trial court erred in entering judgment in favor of plaintiff and against MIGA because plaintiff is not the proper party with standing to bring a claim under the Act, and does not have a "covered claim" under the Act because the Act provides that the injured third party is the one who has a covered claim under the statutory scheme.

To assist us in addressing this point, we draw upon some statutory rules of construction. First, the intent of the legislature is to be determined from the language used and words are to be considered in their plain and ordinary meaning. *Springfield Park Central Hospital v. Director of Revenue*, 643 S.W.2d 599[3] (Mo.1983). Second, intent and meaning of a statute can be ascertained from the general purposes of the enactment and by identifying the problem sought to be remedied. *Sermchief v. Gonzales*, 660 S.W.2d 683[3] (Mo. banc 1983).

■ As previously stated, the primary purpose of the various state guaranty funds is to protect insureds from the effects of insolvent insurers. To apply a construction to the Missouri statute, § 375.785, supra, as proposed by defendant MIGA, the insureds would be left with little, if any, protection.

■ MIGA supports its position on this point by relying on § 375.785, subsection (4)(1)(a) c which provides for a release of liability of an insured (subject to certain conditions) if a third party claim is presented to MIGA for settlement. Further, MIGA argues that the release of the insured, when the third party claim is presented to MIGA, manifests clear intent by the legislature to deny recourse against MIGA by an insured. We disagree. § 375.785(4)(1)(a) c is silent on the rights of an insured in having MIGA assume insolvent insurer obligations under the insured's policy of liability insurance. This section merely defines the rights of a third party claimant.

Under § 375.785(4)(1)(a) c three options are given to a third party claimant: (1) the third party claim may be pursued in litigation against the insured; (2) the third party claim may avoid the time and expense of litigation and present the claim directly to MIGA for settlement; or (3) the third party claim may be processed in the liquidation proceedings of the insolvent insurer. By providing a release of the insured when a third party claim is presented to MIGA, the legislature merely denied the third party from collecting more than once on a claim. This section does not restrict or exclude the rights of an insured against MIGA.

In examining the statute, § 375.785 in its entirety, there are other provisions dealing with the rights of the insured. § 375.-785(4)(1)(b) provides that MIGA shall:

Be deemed the insurer to the extent of its obligations on the covered claims and to such extent shall have all of the rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent.

By requiring MIGA to take over the "rights, duties and obligations of the insolvent insurer" the legislature clearly continued the insured's protection under his policy of insurance. That protection includes defense and payment of covered claims.

§ 375.785(8)(1) provides:

Any person having a claim against his insurer under any provision in his insurance policy which is also a covered claim shall be required to exhaust first his right under such policy. Any amount payable on a covered claim under this section shall be reduced by the amount of such recovery under the claimants insurance policy. ·

This section clearly establishes the intent of the legislature in granting an insured direct action under his own policy against MIGA.

We reject defendant's second point as inconsistent with the proper construction and application of § 375.785 RSMo 1978. The statute should provide protection to the insured, i.e., protection to which they would have been entitled had the insurer not become insolvent.

CRANDALL, P.J., and PUDLOWSKI, J., concur.