**KING LOUIE BOWLING CORPORATION OF MISSOURI, Appellant,**

v.

**MISSOURI INSURANCE GUARANTY ASSOCIATION, Respondent.**

No. WD 38570.

Missouri Court of Appeals, Western District.

June 9, 1987.

As Modified Aug. 4, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 4, 1987.

Gardiner B. Davis, Teresa A. Woody, Kansas City, for appellant.

Edward W. Mullen, Daniel J. Ryan, Deacy & Deacy, Kansas City, for respondent.

Before CLARK, C.J., and DOWD and REINHARD, Special Judges.

CLARK, Chief Judge.

Appellant as plaintiff below sued for a declaration of rights and duties under the Missouri Insurance Guaranty Act, § 375.-785, RSMo.1986,[1] and for reimbursement of money paid to settle claims made against appellant by third parties. The petition was dismissed, on motion, for failure to state a cause of action, and this appeal followed.

The issue presented is whether a covered claim, as that term is used in the statute, includes indemnification of an insured of an insolvent member insurer for amounts the insured has paid to settle third party claims otherwise within the liability policy issued by the defaulting insurer.

The facts of the case are taken from the allegations of the petition, admitted for purposes of the motion. In December, 1978, Proprietors Insurance Company was obligated under its policy of insurance issued to appellant to indemnify appellant, to stated limits, for amounts appellant became liable to pay in consequence of injuries sustained by third parties on appellant's premises. During that month, two patrons of appellant fell in separate incidents, suffered injuries and made claims against appellant. Proprietors investigated the claims and, when suits were later filed, assumed the defense. Before either claim was settled or concluded, Proprietors became insolvent and was liquidated in a proceeding before an Ohio court.

After Proprietors' insolvency, appellant undertook to settle the claims paying $1,000.00 to the first claimant and $11,-000.00 to the other. Each claimant had previously declined to file a claim with respondent association, electing instead to pursue the suits against appellant. After the settlements were made, appellant filed claims against respondent to recoup the payments. The claims were rejected. It is conceded that before liquidation and cessation of its business, Proprietors was a member of respondent association and had paid its required contributions.

---

1. The statute was amended effective August 13, 1986 in particulars directly applicable to the question presented in this case. The amendment, discussed infra, post dates the present claims and is not given retrospective effect.

Appellant presents two arguments which contend the trial court erred in dismissing the petition, but a common thread joins the two. These parallel contentions track the two claims of the petition, the first for declaratory judgment interpreting § 375.-785 of the Act as it existed when Proprietors' default occurred, and the second for indemnification of the settlement payments as described. Each contention depends on whether a settlement payment made to a third party, as negotiated by appellant here, qualified as a covered claim within the benefits provided by the statute.

Considering first the contention that appellant was entitled to a declaration of rights for its own benefit and for the benefit of others similarly situated, appellant argues that its petition meets the test for applicability of the statute relative to declaratory judgments. Section 527.010, RSMo.1986. Citing *Missouri Department of Social Services v. AGI-Bloomfield Convalescent Center, Inc.*, 682 S.W.2d 166 (Mo.App.1984), it points out that the three requisite elements are pleaded, the existence of a justiciable controversy admitting of specific relief by way of a decree, the presence of a legally protectable interest, and the existence of a question ripe for judicial resolution. The trial judge's order of dismissal notes that under the pleaded facts, " * * * the provisions of Section 375.785, RSMo. do not apply to the facts before this Court." It is assumed this entry denotes a disposition based on the substantive question, whether appellant would prevail in its contention that the settlements were covered claims under the statute, and not whether the elements of a cause of action in declaratory judgment were pleaded. Broadly construed, the first point on appeal suggests that the trial court erred in entering the dismissal by reaching a decision on the ultimate question of liability without first permitting the issues to be posed under an otherwise sufficient pleading for declaratory judgment.

■ The dismissal was appropriate for two reasons. In the first place, the court was correct in looking to the substantive question as presented by respondent's mo-tion. If it appears plaintiff can have no relief against defendant, the latter should not be forced into litigation which can have no possible final result in favor of plaintiff. *State ex rel. Chilcutt v. Thatch*, 359 Mo. 122, 221 S.W.2d 172, 176 (Mo. banc 1949). The trial court decided that the statute was not applicable to the subject claims and, consequently, no purpose would be served by embarking on a trial destined to reach a foreordained result.

■ Secondly, and perhaps more importantly, the appendage of the declaratory judgment count did not alter the fact that the suit was merely an action on a rejected claim and was intended only to enforce payment of the demand for reimbursement. There was no allegation of any other specific instances of pending disputes over interpretation and application of the statute, no assertion that any insured of an insolvent insurer was at jeopardy because of uncertainty in the law and no claim that future action by appellant was dependent on resolution of the question.

■ The declaratory judgment act is not a general panacea for all legal ills nor is it a substitute for existing remedies. It is not to be invoked where an adequate remedy already exists. *Glick v. Allstate Insurance Co.* 435 S.W.2d 17, 21 (Mo.App. 1968). The distinctive function of declaratory judgment is to dispel uncertainty as to legal rights before actual loss has occurred thereby preserving to the parties the opportunity for negotiation with a view to dispensing with litigation in the case. *Higday v. Nickolaus*, 469 S.W.2d 859, 863 (Mo.App. 1971).

On both conditions, the putative declaratory judgment count in this case fails. There is no showing at all that the second count, seeking recovery for appellant of the sums it advanced in settling the two claims, would not fully redress the complaint and would be an adequate remedy without recourse to declaratory judgment. The allegations that other insureds and other claims may put the same statute to test are mere hypothetical examples without alleged substance. In addition, the rendition of a declaratory judgment could not fur-

ther any negotiation or settlement of the subject controversy either between appellant and the third party claimants or between appellant and respondent. The losses have all accrued and therefore the essential function of declaratory judgment may no longer be invoked. The trial court was correct in ordering dismissal of the declaratory judgment count. The remedy simply is not applicable in the fact situation presented by the petition allegations.

Turning now to the second count, appellant argues that its demand for reimbursement of the settlement payments constitutes a covered claim under § 375.785.3(2), RSMo.1986 [2] which respondent is obligated to honor pursuant to § 375.785.4(1)(a). Appellant relies on the statute and on two cases decided by the Eastern District, *Qualls v. Missouri Insurance Guaranty Association*, 714 S.W.2d 732 (Mo.App. 1986), and *Hankins Construction Co. v. Missouri Insurance Guaranty Association*, 724 S.W.2d 583 (Mo.App.1986).

Analysis of the *Qualls* case, which most nearly parallels the facts here, will aid in identifying the problem. Qualls was insured for automobile liability by Kenilworth, a company later declared insolvent. Prior to the liquidation of Kenilworth, Qualls was involved in an accident with two other vehicles. He was sued, Kenilworth denied coverage [3] and default judgments were rendered against Qualls. He then brought action against the association to seek payment of the sums equal to those evidenced by the judgments rendered in favor of the liability claimants.

The two issues dealt with in the *Qualls* opinion were (1) May an insured of an insolvent insurance carrier recover indemnity from the association if the insured has not in fact made payment to a liability claimant, and (2) Does the insured have standing to present a "covered claim" against the association in the place or stead of the injured third party. The opinion answered both questions in the affirmative.

■ Quite apparently, the first question in *Qualls* is not present in the subject case where payments by appellant King Louie have already satisfied the third party claims. The second issue, however, whether the insured has standing and whether a covered claim may be brought by one other than the injured party, is essentially the same in this case and in *Qualls*. There, the court explicitly held the primary purpose of the statute to be protection of insureds from the effects of insolvent insurers, a purpose which would be frustrated if an insured facing a judgment in favor of a liability claimant were denied protection because the third party elected not to present the claim to the association. As a general proposition, we agree with the rationale of *Qualls* that a third party claimant's choice to bypass the association's claim procedure should not deny all protection to an insured otherwise available but for the choice of claim presentment. Other issues, however, must be considered.

The principal differences between the subject case and *Qualls* are that *Qualls* involved property damage claims which were apparently proved by repair costs or evidence of depreciated value and the sums in issue were established by entry of judgments. In this case, the claims were for personal injuries and the amounts were simply sums negotiated by settlements and releases. As respondent association points out, the claims presented here allow for no evaluation of what expenses the injured parties actually incurred or for the appraisal of liability as a factor in settlements.

Section 375.785.4(1)(b) provides that the association shall "[b]e deemed the insurer to the extent of its obligations on the covered claims and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent." Under the comprehensive general liability insuring agreements in the policy issued to appellant by Proprietors, it is provided that, "[t]he Company will pay

---

**2.** Subsequent references are to RSMo.1986 prior to amendments effective August 13, 1986.

**3.** The coverage denial was apparently spurious. Qualls and the association stipulated in the case that the Kenilworth policy did provide liability coverage.

on behalf of the insured all sums which the insured shall become legally obligated to pay as compensatory damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence * * *."

The definition of a covered claim under the Act and the obligation of the association are at least no broader than the coverage provided by the underlying insurance policy. That policy, as demonstrated by the insuring agreement quoted above, covers the insured's liability only for sums which the insured becomes legally obligated to pay. Under the facts of the present case, no assessment of appellant's legal obligation to the third party claimants was ever made because the suits were voluntarily settled by appellant. If Proprietors had survived as a solvent insurer and if, as the facts here indicate, coverage was not in issue, appellant could not have successfully pursued claims for reimbursement based on settlements voluntarily made by appellant with liability claimants.[4] It is therefore similarly barred from recovering the amounts in its claim against the association because the statute gives no broader rights to insureds than those existing previously against the insolvent insurer.

It must be acknowledged that the limitation on policyholder recourse to the guaranty provided in the Act leaves open an exposure which the insured would not otherwise suffer if the insurer remained solvent and active. A suit for bodily injuries exposes the insured to damages for which, in part, no reimbursement may be claimed from the association in any event. This follows because under § 375.785.4(1)(a)b., claims for bodily injury are limited to the actual amounts of medical expenses and lost wages. No compensation is made for pain and suffering or other items of damages recoverable by suit. If the insured allows the case to proceed to judgment in order

that legal liability as a basis for a claim against the association may be affixed, he also faces the prospect of an additional award of damages which may not be recouped. The settlements effected in the subject case may have been motivated by such a choice.

The statute makes no provision for a solution to this problem. The 1986 amendment to § 375.785.4(1)(a)c., added the following language:

* * * an insured of an insolvent insurer subject to a judgment from a third party having a covered claim shall be entitled to file that judgment with the association as a covered claim, and provided the claim arises within the time limit set out in preceding subparagraph a. Thereafter, the association shall process such claim in the manner specified in the preceding subparagraphs a and b. The association shall determine which part of a judgment constitutes a covered claim based upon information provided by the insured.

By this addition to the statute, the legislature has codified explicitly the interpretation of the prior statute as announced in *Qualls*, at least to the extent that a judgment rendered against the insured of an insolvent association member qualifies as a covered claim. The issue of what part of the judgment is to be paid by the association was not present in *Qualls* because property damage is fully covered, to the extent of the policy limits. The statute amendment contains the additional provision, consistent with § 375.785.4(1)(a)b., limiting consideration of the judgment as a covered claim to that portion, in bodily injury cases, representing treatment costs and lost wages.

In cases which arose before August 13, 1986, the rationale of *Qualls* leads to the conclusion that a claim for bodily injury reduced to judgment against an in-

---

4. Appellate cites cases which stand for the proposition that where the insurance company refuses to defend in a cause brought against the policyholder, the latter need not suffer an adverse judgment, but may make the best settlement he can without jeopardizing a right to recover from the insurer if the coverage ques-

tion is resolved in his favor. In this case, there was no coverage issue. Appellant's voluntary payments were the consequence solely of Proprietor's financial collapse which relegated appellant's cause to such claims as are cognizable under the statute, limited in turn by the policy conditions.

sured of an insolvent member insurer constitutes a covered claim which the insured is entitled to present to the association and for which the insured is entitled to receive payment to the extent the judgment represents treatment costs and lost wages. The claim is, of course, subject to any defenses under the policy which may be asserted by the association. Where, as here, the legal liability of the insured with respect to the claim has not been established, either because the payment was made in a voluntary settlement or because neither payment has been made nor judgment has been entered, the association has no responsibility because the policy provides no protection by way of indemnification.

Discussion of the subject would not be complete without mention of an apparent oversight in the composition of the statutory scheme for protection of policyholders of insolvent insurers. If, as we conclude, a liability claim not directly presented to the association by the third party claimant for processing ripens into a covered claim when reduced to a judgment against the insured, the association certainly has an interest in unliquidated claims pending at the time of insolvency of the insurer. So, too, does the insured have a right to expect some participation by the association in defense of a suit as would be expected of the insurer under the policy in whose place the association stands, to the limited extent specified in § 375.785.4(1)(a)b.

The statute makes no provision for such participation by the association, not even for notice of suit or judgment prior to presentment of the claim in the form of a final judgment. There is no opportunity for participation in a settlement, which could be in the best interests of the insured and the association. The way is also left open, as occurred in *Qualls*, for entry of a default judgment without any opportunity for the association to dispute liability or the proof of damages for which the association may ultimately become responsible.

The Act is solely a creature of statute and if there is to be participation by the association in litigation affecting the joint interests of the association and policyhold-

ers, the legislature must provide for it. At a minimum, it would seem that some requirement for notice to the association of claims potentially representing covered claims by reason of judgments should be enacted.

The judgment is affirmed.

All concur.