*In re* ESTATE OF JOHN N. NICHOLSON, Deceased (Michael Nicholson, Petitioner and Plaintiff-Appellant, v. The Northern Trust Company, Ex'r, Respondent and Defendant-Appellee).

First District (5th Division) Nos. 1—92—3159, 1—93—4198 cons.

Opinion filed December 9, 1994.

Corner, Finn, Nicholson & Charles, of Brooklyn, New York (Michael Nicholson, of counsel), for appellant.

Sidley & Austin, of Chicago (James J. Carroll and Gerard D. Kelly, of counsel), for appellee.

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

Michael Nicholson (plaintiff), son and sole heir to decedent, Dr. John N. Nicholson, sued The Northern Trust Company (Northern), which served as executor under Dr. Nicholson's will and as successor trustee under Dr. Nicholson's declaration of trust. Plaintiff pled eight counts alleging that the will and the trust were invalid. Northern filed a motion to dismiss on the pleadings, which was granted as to all counts except that plaintiff was given leave to replead one of the counts. Plaintiff filed appeal No. 1—92—3159 as to the granting of the motion on the other seven counts, which Northern has moved to dismiss as premature. Plaintiff's amended repleading of the last count was also dismissed, upon which plaintiff filed appeal No. 1—93—4198 appealing that order. Those two appeals, as well as Northern's motion to dismiss appeal No. 1—92—3159, have been consolidated into this proceeding.

We affirm.

BACKGROUND

Between 1982 and 1990, decedent executed his declaration of trust and 12 separate amendments thereto, establishing an *inter vivos* trust. The trust contains the vast majority of decedent's assets and distributes them to various charitable organizations upon his death. Decedent died on July 24, 1990. On February 25, 1991, decedent's last will and testament, dated November 12, 1989, and first codicil thereto, dated April 6, 1990, were admitted to probate. Under the will and codicil, decedent gave his entire probate estate to Northern as successor trustee under the terms of his trust. Decedent expressly made "no provision for my nephew, MICHAEL KEFALIDES NICHOLSON, whom I adopted as my son, or any other of my

relatives." Decedent further stated, "It is my intent to distribute my assets to charitable, religious and educational institutions."

On August 23, 1991, plaintiff filed a petition to contest admission of will to probate and a separate complaint to set aside declaration of trust. On November 14, 1991, by agreement of plaintiff and Northern, plaintiff filed a combined complaint—the first amended petition—challenging the validity of both decedent's trust and his will. Counts I, II, and VIII alleged technical deficiencies which rendered the trust void; count III alleged undue influence in the creation of the trust; count IV alleged that decedent lacked the mental capacity to make the trust; count V alleged decedent lacked testamentary capacity; count VI alleged technical deficiencies rendering the will void; and count VII alleged undue influence over the creation of the will. The trial court allowed the parties to proceed with discovery on April 10, 1992.

Northern had filed a section 2—615 (735 ILCS 5/2—615 (West 1992)) motion to dismiss the petition on January 15, 1992, and on August 20, 1992, the trial court dismissed with prejudice all of the alleged counts in plaintiff's first amended complaint except for count V, which was dismissed with leave to replead. Plaintiff appealed this ruling in appeal No. 1—92—3159 as to the granting of the motion on the other seven counts. Northern has moved to dismiss this appeal as premature.

On November 2, 1993, the trial court also dismissed with prejudice count V, which as amended constituted plaintiff's second amended petition. This was a final judgment and order, from which appeal No. 1—93—4198 has been taken.

OPINION

I

■ The first issue is whether to allow the appeal of the dismissal of the first seven counts, either through the first appeal, appeal No. 1—92—3159, or through the second appeal relating back to the seven originally dismissed counts as well. The latter approach is sufficient to give this court jurisdiction.

As to the former issue, appeal No. 1—92—3159 is premature when analyzed in isolation. Plaintiff contends that jurisdiction is proper under either Supreme Court Rule 301 or Supreme Court Rule 304(b)(1). (134 Ill. 2d Rules 301, 304(b)(1).) Rule 301 allows appeal of a "final" judgment, and plaintiff contends that the August 20 order was final as to his trust claims, relying on *In re Estate of Wrigley* (1982), 104 Ill. App. 3d 1008, 433 N.E.2d 995. However, *Wrigley* is

inapposite to this matter, as the trust count in *Wrigley* was severed from the count involving the will because they had no relationship: "Causes of action are considered the same where the same evidence would sustain both. [Citation.] This is not the situation here. *** [T]he trial court correctly severed the two counts for trial." (*Wrigley*, 104 Ill. App. 3d at 1015.) As appellant himself has stated that all the issues involved in the will counts and the trust counts are interdependent, *Wrigley* is inapplicable to the instant case.

Plaintiff also cannot rely on Supreme Court Rule 304(b)(1). Rule 304(b)(1) states:

> "The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:
>
> > (1) A judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party." (134 Ill. 2d R. 304(b)(1).)

However, this rule does not apply to the counts involving the trust because this trust is not a "similar proceeding" involving comprehensive court administration of an estate. The trust is being administered privately, out of court, without any court involvement such as court-approved administrators or a requirement of a final accounting to the court. Accordingly, counts I, II, III, IV and VIII were not proceedings similar to the administration of an estate, and Rule 304(b)(1) is inapplicable to those counts. (*Yardley v. Yardley* (1985), 137 Ill. App. 3d 747, 751, 484 N.E.2d 873.) As to counts VI and VII involving the will, they were not appealable under Rule 304(b)(1) because count V involving the will was still pending. Not every order entered in an estate proceeding may be immediately appealed. For appellate jurisdiction, the order must finally determine the right or status of a party. (*In re Estate of Vogt* (1993), 249 Ill. App. 3d 282, 285, 618 N.E.2d 1141.) Because dismissal of these counts did not finally establish plaintiff's status in regard to the administration of decedent's estate, the appeal under Rule 304(b)(1) was premature and cannot be sustained. *Wrigley*, 104 Ill. App. 3d at 1016.

However, the appeal of the second amended petition sufficiently relates back to the seven originally dismissed counts to bring the seven dismissed counts under the jurisdiction of this court. A notice of appeal is to be liberally construed. (*Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 433, 394 N.E.2d 380.) "Unless the appellee is prejudiced thereby, the absence of strict technical compliance with the form of the notice is not fatal, and where the deficiency in the notice is one of form only, and not substance, the appellate court is not deprived of jurisdiction." *Burtell*, 76 Ill. 2d at 434.

The appeal from a final judgment draws in question all prior nonfinal orders which produced the judgment. (*Burtell*, 76 Ill. 2d at 433.) The unspecified judgment is reviewable if it is a step in the procedural progression leading to the judgment specified in the notice of appeal. (*Burtell*, 76 Ill. 2d at 434.) An order dismissing a count without prejudice is a step in the procedural progression leading to its dismissal with prejudice, as *Burtell* cites with approval *Vigil v. United States* (10th Cir. 1970), 430 F.2d 1357, a case closely analogous to the instant case.

Moreover, the relief sought in the notice of appeal requests that plaintiff be allowed to replead the seven original counts. In addition, no prejudice would result from allowing jurisdiction as these counts have been fully briefed on this appeal. "[A] notice of appeal will confer jurisdiction on an appellate court if the notice, when considered as a whole, fairly and adequately sets out the judgment complained of and the relief sought so that the successful party is advised of the nature of the appeal." (*Burtell*, 76 Ill. 2d at 433-34.) These requirements are satisfied in the instant case.

The cases cited by Northern Trust are inapposite, as they deal with appeals from summary judgment orders attempting to take in matters dealing with other previously dismissed counts. As opposed to the instant case, there is much less of a procedural connection between a summary judgment reached on individual counts and other counts previously dismissed or orders previously ruled on. Thus the notice of appeal as to the second amended petition was sufficient to grant us jurisdiction as to all previously dismissed counts of the first amended petition, and we will decide both consolidated appeals on their merits.

## II

■ In his brief for appeal No. 1—92—3159, plaintiff only requests the opportunity to replead his counts and does not contend that the trial court's decision to grant the motion to dismiss was improper. Thus, plaintiff has waived any contention that the motion was improvidently granted, due to Supreme Court Rule 341(e)(7), which states in pertinent part: "Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." (134 Ill. 2d R. 341(e)(7).) All arguments not raised in the opening appellate brief are waived, and thus plaintiff's efforts to rehabilitate this theory in his reply brief are of no avail. (*Jordan v. Civil Service Comm'n* (1993), 246 Ill. App. 3d 1047, 1049, 617 N.E.2d 142.) Moreover, even plaintiff initially admitted that his claims were not legally sufficient to withstand the motion. Thus, we will only examine plaintiff's right to amend the petition.

█ A trial court has broad discretion in motions to amend pleadings, and the denial of a motion to amend is not reversible error unless there has been a manifest abuse of that discretion. (*Loyola Academy v. S&S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 273-74, 586 N.E.2d 1211.) Four factors are used when determining whether the trial court's denial of a party's motion to amend constituted an abuse of discretion: (1) whether the proposed amendment will cure the defective pleading; (2) whether the proposed amendment would surprise or prejudice the opposing party; (3) whether the proposed amendment was timely filed; and (4) whether the movant had previous opportunities to amend. (*In re Estate of Hoover* (1993), 155 Ill. 2d 402, 416, 615 N.E.2d 736.) The overriding concerns, however, are justness and reasonableness. *Hoover*, 155 Ill. 2d at 416.

█ Counts I, II, VI and VIII alleged technical imperfections in the trust or will, but no cause of action was stated by plaintiff's legal theories under Illinois law. As no additional evidence or repleading would be of assistance to help plaintiff rehabilitate these inadequate theories, the trial court did not abuse its discretion by dismissing counts I, II, VI and VIII with prejudice. See *Beatrice Foods Co. v. Illinois Insurance Guaranty Fund* (1984), 122 Ill. App. 3d 172, 175, 460 N.E.2d 908.

█ As for the counts which lacked sufficient factual allegations—III, IV, and VII—the plaintiff in his oral motion to amend presented only further general allegations that did not serve to cure the factual insufficiencies which resulted in dismissal of the three counts. The trial court could not find, and neither can we, "that the amendment was material, and its materiality is apparent." (*Loyola*, 146 Ill. 2d at 276.) Before a trial court can be deemed to have abused its discretion, the record must disclose that reasons or facts were presented to the trial judge as a basis for requesting the favorable exercise of the judge's discretion. (*Beatrice*, 122 Ill. App. 3d at 175; *Intini v. Schwartz* (1979), 78 Ill. App. 3d 575, 579, 397 N.E.2d 84.) It is not error to refuse to allow an amendment when there are no means of determining whether or not it will be proper and sufficient. *Intini*, 78 Ill. App. 3d at 579.

Plaintiff complains that he required additional discovery to complete the factual allegations necessary to sustain these claims. However, when the original complaint is based on merely conjecture and guesswork, additional time for discovery is not warranted. (*Hutchison v. Woodstock Community Unit School District No. 200* (1978), 66 Ill. App. 3d 307, 314, 384 N.E.2d 382.) Moreover, had plaintiff not waited four months until the week before consideration of the motion to dismiss to conduct several of his depositions, plaintiff

may have been able to make better use of the discovery he did obtain. Because substantial discovery had already taken place, the plaintiff was required to provide an additional factual basis to his allegations; conclusory pleading did not make the materiality of any possible amendments apparent to the trial court. (*Village of Rosemont v. Lentin Lumber Co.* (1986), 144 Ill. App. 3d 651, 666, 474 N.E.2d 592.) The trial court's actions were just and reasonable, and we find that the court did not abuse its discretion in refusing to grant plaintiff leave to replead counts I, II, III, IV, VI, VII, and VIII.

## III

■ The trial court properly dismissed the second amended petition for failure to state a cause of action. None of the allegations in the petition were properly pled to state a cause of action for lack of testamentary capacity. Several of plaintiff's allegations relate to the general deterioration of decedent's health at the time he made the will. However, general illness does not state a cause of action for lack of testamentary capacity. *Wiszowaty v. Baumgard* (1994), 257 Ill. App. 3d 812, 817, 629 N.E.2d 624; *Logsdon v. Logsdon* (1952), 412 Ill. 19, 26, 104 N.E. 622.

Plaintiff's other bases for decedent's lack of capacity are allegations of insane delusions. Most of the alleged delusions are irrelevant—a delusion must be in regard to the objects of the testator's bounty to substantiate a cause of action. (*In re Estate of Kline* (1993), 245 Ill. App. 3d 413, 428, 613 N.E.2d 1329; *In re Estate of Stuhlfauth* (1980), 88 Ill. App. 3d 974, 982, 410 N.E.2d 1063.) Plaintiff does plead one delusion which could possibly state a claim—that decedent imagined he gave plaintiff large annual gifts and supported his education, when in fact plaintiff received no contributions whatsoever.

However, even assuming *arguendo* that this allegation meets the criteria for an "insane delusion," plaintiff has not sufficiently connected this delusion to the enactment of the will to properly state a cause of action. In order to state a cause of action for lack of capacity, the complaint must aver a causal and temporal connection between the mental unsoundness and the execution of the will, and these pleading requirements are not complied with by purely conclusional language. (*In re Estate of Sutera* (1990), 199 Ill. App. 3d 531, 540, 557 N.E.2d 371.) An insane delusion must directly affect the will or enter into its execution to support a claim of lack of capacity. *In re Estate of Bonjean* (1980), 90 Ill. App. 3d 582, 584, 413 N.E.2d 205.

Plaintiff's petition did not sufficiently allege a causal connection between the alleged insane delusion and the execution of the will.

Plaintiff's only allegation as to the consequences of decedent's insane delusion is the following: but for the delusion, decedent would have given his money to *all his relatives*, of which plaintiff is one. Because there is no causal connection between an insane delusion about one family member and the failure by decedent to give money to all members of his family, we find that the complaint did not state a cause of action and was properly dismissed by the trial court.

Plaintiff's reliance on *Snell v. Weldon* (1910), 243 Ill. 496, 90 N.E. 1061, is of no avail. *Snell* allowed a claim of incapacity when a father's delusions *directly* caused him to disinherit *his son*. The instant case lacks any allegation of a direct nexus between the father's delusions and the plaintiff's disinheritance, and thus this pleading fails to state a cause of action. (See *Sutera*, 199 Ill. App. 3d at 539-40.) Moreover, the testator in the instant case disposed of his estate for charitable purposes. In this regard we note that, albeit in *dictum*, the *Snell* court wrote:

> "If the testator had conceived some charitable purpose which he was anxious to promote, and his anxiety and solicitude for some cherished object of that sort had led him to devise the bulk of his estate for such purpose, it might be said that the testator preferred the promotion of such cherished object of his life to bestowing his estate upon his natural beneficiaries. But there is nothing of that kind present here." *Snell*, 243 Ill. at 526.

Lastly, plaintiff requests the opportunity to replead this second amended petition if dismissal by the trial court was proper. However, as *Sutera* stated, "The purpose of the Probate Act is to permit an estate administration to get under way as quickly as possible, and yet to permit those who wish to question the will an adequate opportunity to test the validity of the will." (*Sutera*, 199 Ill. App. 3d at 541.) Plaintiff has had an opportunity to make several attempts over a significant period of time to try and sustain a cause of action in this matter. In view of these circumstances and the court's duty under the Probate Act of 1975 (755 ILCS 5/1—1 *et seq.* (West 1992)), we believe the trial court properly exercised its discretion to deny further leave to amend. See *Sutera*, 199 Ill. App. 3d at 541.

For the foregoing reasons, we affirm.

Judgment affirmed.

GORDON and McNULTY, JJ., concur.